# 𝔚ytheville.

## STUART, BUCHANAN & CO. v. HURT, RECEIVER.

### July 23rd, 1891.

DECREE FOR INTEREST—*Damages for detention.*—In an action of debt on a decree for an amount of interest thereby found due the plaintiff from the defendant;

HELD:

> Interest on the amount of the decree may be recovered in the shape of damages for its detention, though the decree makes no provision for the payment of interest thereon.

Error from judgment of circuit court of Washington county, rendered October 11th, 1890, in action of debt, wherein S. F. Hurt, receiver, was plaintiff, and the plaintiffs in error, Stuart, Buchanan & Co., were defendants.   The judgment being adverse to the defendants, they brought the case here on writ of error and *supersedeas.*   Opinion states the case.

*Routh & Stuart*, for plaintiffs in error.

*White & Buchanan*, for defendant in error.

HINTON, J., delivered the opinion of the court.

The case is as follows: The circuit court of Washington county, at its January term, 1880, rendered a decree in the chancery cause of *J. D. Mitchel et als.* v. *A. McCall et als.*, directing one of its commissioners to take an account charging

Stuart, Buchanan & Co. with the annual rent of $2,500 on the one-eighth of the King salt-works, with or without interest, as the circumstances shown might warrant, and allowing credits for all payments made to the receiver for years 1864, 1865, 1866, 1867, 1868, and to show the balance, if any, due the receiver. From the report of the commissioner it appeared that there was a balance due the receiver on the 2d of April, 1869, of $1,500, and that the interest on said balance from April 2, 1869, to May 2, 1882, was $1,177.50. At the hearing the court decreed in favor of Samuel F. Hurt, receiver of the Circuit Court of the United States for the western district of Virginia in the case of *John Vints, Administrator*, v. *The Heirs of John Allen and Hannah Allen,* for the aforesaid sum of $1,500 and costs, subject to a credit of one-sixth part of the principal sum, which it was admitted that Mrs. A. E. T. Campbell, who was entitled thereto, had settled with Messrs. Stuart and Palmer, by some arrangement among themselves. The decree, however, recites: " And, it appearing to the court that the said sum [meaning the $1,177.50] is for interest upon unpaid rent, the court doth therefore decline to allow interest upon the sum hereinbefore decreed," manifestly referring to the sum of $1,177.50 of interest mentioned above. On this decree the defendant in error instituted an action of debt in the court below against the plaintiffs in error, and a jury being waived, the said court rendered at its October term, 1890, the judgment which is the subject of this writ of error, for the amount of the decree, to-wit, $1,250, with interest thereon from the date of said judgment until paid, and costs, and for $631.25 damages for the detention of the said debt from the 12th day of May, 1882, the date of the decree sued on.

Now, it is insisted on behalf of the plaintiffs in error that the court below erred in allowing said damages for the detention of the debt in lieu of interest. The theory of the plaintiffs in error seems to be that the decree was rendered for a balance, no part of which was principal, but all of which was interest;

and that, as the general rule of law is that interest shall not bear interest (*Pindall's Ex'r* v. *Bank*, 10 Leigh, 506), interest cannot be recovered in the shape of damages. The vice in this argument, however, is that it overlooks the fact that the decree changed the character of the interest, and converted it into a debt, which carried with it the incidents of costs, lien, etc. Such a debt is due presently, and we can perceive no good reason why, if it should not be paid, damages should not be recovered for its detention. "It is natural justice," says Judge Pendleton in *Jones' Ex'r* v. *Williams*, 2 Call, 102, "that he who has the use of another's money should pay interest on it;" and this seems to be the policy of the legislature, if anything can be gathered from the statutes fixing the period for the commencement of interest where the verdict fixes none, and providing that the judgment or decree may be rendered for interest on the principal sum recovered until such judgment be paid, where no jury is impaneled. See sections 3390, 3391, Code 1887. In *Tazewell* v. *Saunders*, 13 Gratt. 368, Judge Moncure says: "In this state interest is generally recoverable on a judgment, both at law and in equity." He then adds: "But if the judgment does not carry interest on its face, it can only be recovered by action or suit upon the judgment." In *Mercer's Adm'r* v. *Beale*, 4 Leigh, 189, Judge Tucker said: "That in an action of debt upon a judgment, the plaintiff may, in the shape of damages, recover interest upon his demands is a proposition too plain to have required proof;" although he subsequently says that, while interest on a judgment not carrying interest may be given, it is not a matter of course. And that such an action lies, and that the same judgment can be rendered upon a decree of a court of chancery as upon a judgment at law, see 2 Rob. Pr. (New Ed.), 124; *Pennington* v. *Gibson*, 16 How. 76; 2 Bart. Ch. Pr. 827. It seems to be supposed, however, by the plaintiff in error that the question of interest is adjudged in his favor by the decree of the circuit court. We do not so understand the

language of the decree.    The chancellor was acting upon the report of the commissioner, which showed the interest on the balance of money ascertained to be due down to the time of the rendering of the decree; and that is the interest which we understand that the court refused to allow.    We find no error in the decree of the circuit court, and it must be affirmed.

JUDGMENT AFFIRMED.