Filed March 29, 1892.

---

## No. 15,519.

## HENDRY ET AL. *v.* CRANDALL.

APPEAL.—*Dismissal of.*—*Supreme Court.*—*Omission of Names of Certain Defendants in Docket-Entry.*—An appeal will not be dismissed because the names of certain persons appear among the appellants who were not parties to the judgment, the persons referred to being parties to the action, and the judgment for costs being rendered against the defendants generally, without setting out their names. The clerk, in giving the title of the cause in the docket-entry preceding the trial, seems to have omitted their names, but this was a mere clerical misprision which could not work a discontinuance of the cause as to them, or shield them from the judgment, which appears from the whole record to have been rendered against them and the other defendants.

TRIAL BY JURY.—*When Cause can not be Withdrawn from Jury.*—After a cause has been submitted to the jury for trial, the evidence introduced, argument had, and the jury has retired for consideration, it is too late for the court to reconsider its ruling, and, without the consent of both parties, withdraw the cause from the jury and decide it on the evidence that had gone to the jury.

From the Whitley Circuit Court.

*J. A. Woodhull, W. M. Brown, D. R. Best, E. A. Bratton* and *E. Davis,* for appellants.

*T. R. Marshall* and *W. F. McNagney,* for appellee.

MILLER, J.—We are asked to dismiss this appeal because the names of two persons appear among the appellants who, it is said, were not parties to the judgment.

Hendry *et al. v.* Crandall.

The persons referred to were parties to the action, and the judgment for costs was rendered against the defendants generally, without setting out their names. The clerk, in giving the title of the cause in the docket entry preceding the trial, seems to have omitted these names, but this was a mere clerical misprision which could not work a discontinuance of the cause as to them, or shield them from the judgment, which appears from the whole record to have been rendered against them and the other defendants.

The motion to dismiss is overruled.

This was a proceeding instituted by the appellee to obtain a license to sell intoxicating liquors. The appellants were remonstrants.

The cause was appealed to the circuit court, in which court the appellants asked that the cause be tried by the court without the intervention of a jury. This motion was overruled and the cause submitted to a jury for trial.

After the case had been fully tried and submitted to the jury for determination, and they had failed to agree, the court, of its own motion, withdrew the cause from their further consideration, discharged the jury, and found for the appellee upon the evidence that had been given to the jury upon the trial.

The appellants excepted to this action and ruling of the court, and have assigned it as error here.

We are of the opinion that after the cause had been submitted to the jury for trial, the evidence introduced, argument had, and the jury had retired for consideration, it was too late for the court to reconsider its ruling, and, without the consent of both parties, withdraw the cause from the jury and decide it on the evidence that had gone to the jury.

We must presume that the court gave the same attention to the evidence as it was introduced, and scrutinized the manner and conduct of the witnesses, just as he would have done if the trial had taken place without the empanelling of a jury ; but we can not presume that the appellants were not

put to a disadvantage by the change in the tribunal trying the cause, after the evidence had been heard and cause argued.

The record shows that counsel for the appellant prepared instructions which they desired given to the jury, and interrogatories to be answered by them. This was a practice pertinent and proper in jury trials, but entirely out of place in a hearing by the court. It may have been that the conduct and management of the trial were different in many respects from what it would have been if the trial had been by the court from its inception. The time and labor consumed in the preparation of instructions and interrogatories might have been used in preparing special findings for the court.

This is not a case where a slight departure was had from the usual practice, in which the burden is upon the objector to show that he has been injured, but is a case where the practice is so unusual as to raise a presumption of injury.

We can not say from an examination of the evidence and other rulings of the court that the substantial rights of the defendants have not been prejudiced.

Judgment reversed.

Filed March 29, 1892.