[No. 1245.  Decided August 6, 1894.]

JOHN OLSON, *Respondent*, v. WILLIAM H. VEAZIE, *Appellant*.

### JUDGMENT AGAINST PARTNERS—DESIGNATION OF PARTIES—ACTION ON JUDGMENT—INTEREST.

A judgment in which the parties, against whom it is rendered, are described by their partnership name is not void for that reason, when the action has been waged against them as individuals composing the partnership, and the parties have been designated by their individual names in the pleadings and papers in the case, including the caption to the judgment entry itself.

The fact that a joint judgment has been obtained upon a joint and several claim will not preclude an action upon the judgment against any one of the judgment debtors.

In an action upon a judgment of a court of another state, interest thereon may be recovered, although the judgment itself does not by its terms purport to bear interest, and there is no proof of a statute of such state authorizing the collection of interest on judgments rendered in that state.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein,* for appellant.

*M. L. Clifford,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—On October 13, 1884, the respondent, John Olson, commenced an action in the district court of the first judicial district, in and for the county of Washington in the State of Minnesota, against the appellant, Orange Walker and Samuel Judd, as partners doing business as Walker, Judd & Veazie, to recover the amount due on three promissory notes made and delivered to respondent by said firm. On January 8, 1886, the following judgment was entered in that action: "It is hereby adjudged that the plaintiff herein recover of the defendants, Walker, Judd & Veazie,

31—9 WASH.

the sum of three thousand three hundred fifty-five and $\frac{36}{100}$ dollars damages,'' etc.   This judgment was never paid, and subsequent to its rendition the appellant, one of the defendants therein, removed to Pierce county in this state, where this action was instituted against him to recover the amount thereof with interest.   The case was tried by a jury, and there was a verdict and judgment in favor of the plaintiff for the sum of $5,038.50, and the defendant appealed.

The first error assigned by the appellant as a ground for reversal of the judgment appealed from is that the judgment of the Minnesota court, upon which this action was based, is void, for the reason that it was rendered against a firm, as an entity, and, so far as the record discloses, in the absence of any statute of that state authorizing such a judgment.   It is true, as claimed by appellant, that, ''in the absence of a statute, partners can neither sue nor be sued in the partnership name.''  2 Bates, Partnership, §§ 1018, 1049, 1059.   But, in this instance, the action was not waged against the defendants in the firm name.   They were sued as individuals composing a partnership and as joint debtors, and were designated by their individual names in the pleadings and papers in the case, even including the caption to the judgment entry itself.   Construing this judgment by the entire record, we think there can be no doubt that on its face it is a valid judgment against all of the individuals composing the firm of Walker, Judd and Veazie.

In his valuable treatise on the law of judgments (§ 50a), Mr. Freeman says:

''The name of the firm may be given, instead of the names of its individual members, or the parties may be designated generally as the plaintiffs or the defendants, provided a reference to the caption, or to the pleadings, process, and proceedings in the action, makes certain the names of the parties thus designated.''

See, also, 1 Black, Judgments, § 116; *Bolling v. Speller*,

96 Ala. 269 (11 South. 300); *Hendry v. Crandall* (Ind.),
30 N. E. 789.

It is also urged on behalf of the appellant that if it be
true that the action in the Minnesota court was an action
against all the members of the firm of Walker, Judd &
Veazie, and that the court in that action obtained jurisdic-
tion of each of them, still this action cannot be maintained
against this appellant for the reason that the respondent,
having recovered a joint judgment upon a joint and several
claim, cannot now sue the parties separately.    In other
words, it is insisted that the original cause of action is
merged in the judgment, and having obtained a joint judg-
ment, the respondent thereby exhausted his election and
cannot now recover in a separate action.    But, be that as
it may, it is evident that the question of merger is not a
material one in this case, for this action is founded upon
the judgment of the Minnesota court, and not upon the
original cause of action set forth in the complaint filed in
that court by the respondent.

Whether the appellant appeared, or was served with
process, in the action which culminated in a judgment
against him in the court in Minnesota, are questions upon
which there is a marked conflict in the testimony and the
verdict of the jury will not, therefore, be disturbed on the
ground that it is contrary to the evidence.

In making up the amount of their verdict the jury al-
lowed interest, at the legal rate, upon the judgment sued
on.    There was no proof of a statute of Minnesota author-
izing the collection of interest on judgments rendered in
that state, and the judgment itself by its terms did not
purport to bear interest.    And the appellant therefore
contends that the verdict is excessive and ought to be set
aside and a new trial granted.    This contention is sup-
ported by the supreme court of California (*Cavender v.
Guild*, 4 Cal. 253), and perhaps some other's, but, in our

opinion, the better reason and the greater weight of authority are in favor of a contrary doctrine. In cases like this interest should be allowed from considerations of justice, as damages for the detention of money due, and such is the well established rule in several of the states. *Barringer v. King*, 5 Gray, 9–12; *Hopkins v. Shepard*, 129 Mass. 600; *Sayre v. Austin*, 3 Wend. 496; *Mahurin v. Bickford*, 6 N. H. 567; *Stuart v. Hurt*, 88 Va. 343 (13 S. E. 438); *Shickle v. Watts*, 94 Mo. 410 (7 S. W. 274); *Wetherill v. Stillman*, 65 Pa. St. 105; *Ritchie v. Carpenter*, 2 Wash. 512 (28 Pac. 380).

We perceive no error in the record and the judgment is, therefore, affirmed.

DUNBAR, C. J., and STILES, SCOTT and HOYT, JJ., concur.