[No. 3037.　Decided May 2, 1899.]

JULIUS ACH, *Respondent,* v. FRED CARTER *et al.,*
*Appellants.*

JUDGMENTS—CONFORMITY TO PLEADINGS.

A defendant cannot predicate error upon the fact that the
court's judgment is founded on the contract set up in his own
answer, which is different from the contract on which the action
is based.

FINDINGS OF COURT—EXCEPTIONS MUST BE SPECIFIC AS TO ERRORS.

An objection that the findings of the court are not in proper
form, because being combined with the conclusions of law and
judgment in one statement, instead of being separately stated as
required by the statute, must be deemed waived when not ex-
cepted to on that specific ground.

Appeal from Superior Court, Pierce County.—Hon.
JAMES A. WILLIAMSON, Judge.　Affirmed.

*George W. Fogg,* for appellants.
*Sharpstein & Blattner,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appellants were copartners under the name
of the Tacoma Woolen Mills Company, and were engaged
in the manufacture of woolen merchandise. The complaint
alleges that appellants entered into a written agreement
with respondent on the 17th of September, 1897, by the
terms of which appellants agreed to pay respondent three
per cent. on all sales made in San Francisco and for all
goods sold; also to pay the same commission on all orders
received direct from respondent's trade, and agreed to allow
him one per cent. extra on all bills which he might dis-
count. Respondent agreed to represent the goods of appel-
lants to the trade, and to discount such bills as he might

desire at the rate of one per cent.  Thereafter respondent
made a sale of appellants' merchandise to a San Francisco
firm in the amount of $15,590, and demanded his com-
mission of three per cent. thereon, amounting to $467.70,
and judgment was demanded for that amount.  Appel-
lants' answer admitted the contract and the sale, and the
ability and readiness of the San Francisco firm to pay,
and, for a further defense, alleged the subsequent cancel-
lation of the written agreement set out in the complaint,
and the substitution of a parol agreement therefor, differ-
ent from the written agreement only in the particular that
appellants should send to respondent statements of accounts
of sales made by him, and respondent would thereupon
remit to appellants the amount of such statements, less a
commission of four per cent.  Appellants also admitted
the sale of the merchandise by respondent to the San Fran-
cisco firm, and the ratification of the sale by appellants.
A jury being waived, the evidence was heard by the court.
At the conclusion of the trial, the court, in the form of an
opinion, reviewed the evidence and made its conclusion of
facts, and also of law.  Counsel for appellants then ex-
cepted to the findings of fact and conclusions of law in the
opinion.  The court afterwards filed the opinion, and
ordered that it stand for the findings of fact and conclu-
sions of law in the case.  Motion for a new trial was made
and overruled.  Counsel for appellants now complains that
findings of fact were not made by the court as required by
statute, and that the evidence does not support such find-
ings, and that the judgment is not sustained by the findings
stated in the opinion.

It is true, the court concluded that the written agree-
ment counted upon in the complaint was superseded by the
agreement set forth in the answer, and which was claimed
by appellants to have been substituted for the written agree-

ment, and seems to have given the respondent judgment upon the agreement stated in the answer; that is, that the terms of compensation to respondent provided for in the agreement set forth in the answer should be the measure of respondent's compensation.    This does not seem to be error, and it is supported by a decision announced in the case of *Megrath v. Gilmore,* 15 Wash. 558 (46 Pac. 1032). It is true, the findings of fact were not made in a separate paper from the conclusions of law, and do not conform to the requirements of the statute; but the appellants made no exception for that reason when they were first made by the court, but did except to such findings because not sustained by the evidence.    If appellants had specially directed the court's attention to the form of the findings, and requested that they be specifically and separately stated as required by the statute (Bal. Code, § 5029), it would present another question here.    But we do not think that appellants can now complain that the findings were not complete in substance and form.    We have examined the evidence and are not inclined to disturb the conclusions of the superior court, and its judgment is affirmed.

GORDON, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.