[No. 3815.  Decided March 30, 1901.]

LEWIS B. BIGNOLD, *as Receiver, Respondent,* v. H. WILLIS CARR, *Appellant.*

DISMISSAL OF ACTION — FAILURE TO PROSECUTE — PENDENCY OF DEMURRER.

The refusal of the court to dismiss an action for want of prosecution is not error, while a demurrer to the complaint is pending and undetermined.

LIMITATIONS — SUSPENSION OF STATUTE — ABSENCE FROM STATE.

The running of the statute of limitations is suspended during such time as plaintiff is incapacitated from bringing his action by reason of the absence of the defendant from the state.

SAME — ACTION ON DEFICIENCY JUDGMENT — WHEN STATUTE COMMENCES TO RUN.

Where the entry of a deficiency judgment was made within six years of action thereon, it is not barred (conceding the six years' limitation is applicable to domestic judgments), although judgment of foreclosure upon which the deficiency judgment was based may have been entered more than six years prior to the commencement of action upon the deficiency judgment.

ACTION ON JUDGMENT — EVIDENCE — AUTHENTICATION OF RECORD.

The clerk of the court being the custodian of its records, according to the statutes, a judgment record offered in evidence, certified by the clerk, is sufficient without any certificate of the judge that the clerk is the custodian of the records.

SAME — JOINT JUDGMENT — ACTION AGAINST ONE DEBTOR.

Under the rule that action upon a joint judgment may be maintained against one of the judgment debtors alone, the introduction in evidence of a record showing a judgment against defendant and another, while the complaint states a cause of

action against defendant alone, does not constitute a failure of proof.

NON-JOINDER OF DEFENDANTS — TIMELINESS OF OBJECTION.

Where there is a defect of parties defendant, objection on that ground should be raised before trial in order to be available on appeal.

APPEAL — FINDINGS OBJECTIONABLE IN FORM — WAIVER OF ERROR.

Failure to except in the trial court to the form of the findings or conclusions of the court constitutes a waiver of error therein.

Appeal from Superior Court, King County.—Hon. JESSE P. HOUSER, Judge. Affirmed.

*Byers & Byers,* for appellant.

*Hogan & Abel* and *John Kelleher,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought on August 8, 1898, in the superior court of Chehalis county, on a judgment which had been obtained by the Bank of Montesano against the appellant and others for the sum of $2,615.57 and costs. The plaintiff in this case is receiver of the Bank of Montesano. A demurrer was interposed to the original complaint, which was sustained, and an amended complaint was filed. A demurrer was interposed to the amended complaint in the fall of 1898. No further steps were taken by the respondent, and in June, 1899, the appellant moved for a dismissal for failure to prosecute. The motion was denied, and renewed and denied in 1899, when the demurrer to the amended complaint was heard and overruled. The appellant then answered by a general denial, and the cause was tried. Judgment was rendered in favor of the respondent.

The refusal of the court to grant a dismissal of the action for failure to prosecute is alleged as error. We do

not think this contention can be sustained. At the time
these motions were made the case was pending upon an
issue of law raised by appellant's demurrer to the amended
complaint. It was within the power of the appellant to
have noticed the demurrer for hearing, and it was as much
to his interest to expedite the case by noticing the demurrer
for argument as it was the plaintiff's to have the cause
prosecuted to trial. In fact, the case could not be tried
until the demurrer was disposed of.

The principal contention in this case is that the statute
of limitations had run before the action was brought;
more than six years having expired between July 21, 1892,
and the commencement of this action on August 8, 1898.
This contention, however, cannot be sustained, for two
reasons: The first·is that under the amended complaint
it appears that for a period of one year next immediately
preceding the commencement of the action the defendant
was out of the state of Washington and absent therefrom,
so that personal service of process could not be made upon
him, and that, in addition to that, since the entry of the
judgment, he had been absent from the state of Washing-
ton at intervals aggregating about two years in all. It
is well established that the statute will not run during
the time that the plaintiff was incapacitated from bringing
the action by reason of the absence of the defendant. In
the second place, the record shows and the court finds that,
although judgment was entered on the 23d day of July,
1892, the judgment being a judgment of foreclosure, the
mortgage which was foreclosed providing for the entry
of a deficiency judgment, thereafter, after the sale of the
property mortgaged, and upon the determination of the
amount due on the deficiency judgment, to-wit, on the 10th
day of September, 1892, a deficiency judgment in favor
of the Bank of Montesano and against the defendant, H.

Willis Carr, was duly docketed and entered in the superior court of Chehalis county for the sum of $1,713.15, with interest thereon at the rate of ten per cent. per annum from said September 10, 1892. This being the date of the entry of the deficiency judgment upon which this action was brought, the action was within six years from the entry of the judgment. This conclusion renders it unnecessary to determine the proposition of whether or not the six years statute of limitations applies to domestic judgments.

It is also insisted that the court erred in admitting the evidence offered to sustain the amended complaint, for the reason that the record was not authenticated according to law, and did not prove or tend to prove the allegations of the amended complaint; that the court erred in signing the findings of fact and conclusions of law, for the reason that the same were not separated as required by the statute, and in finding judgment for the respondent, for the reason that the same was not justified by the evidence and was contrary to law. The objections to the introduction of evidence seem to arise from the fact that the record was certified to by the clerk of the court, and that the judge had not certified that the clerk was the custodian of the records. We do not think that this is necessary. Under the statute the clerk is the custodian of the records, and his certificate of any record that is under his custody is sufficient.

The objection that the proofs do not support the allegations of the amended complaint because the evidence showed that the judgment was a joint one, is not material. In the first place, if there was a defect of parties defendant, the question should have been raised before the trial. In the second place, under the doctrine laid down in *Olson v. Veazie,* 9 Wash. 481 (37 Pac. 677, 43 Am. St. Rep. 855), an action upon a joint judgment may be maintained against one of the judgment debtors alone.

The appellant cites *Ach v. Carter,* 21 Wash. 140 (57 Pac. 344), in support of the assignment of error that the court erred in failing to sign the findings of fact and conclusions of law separately; but, whatever may be said of the merits of this contention, the case cited by appellant will not aid him here, for the reason that that case holds that exceptions to the form of the findings or conclusions must be taken in the trial court, or be considered waived.

We think the action was brought in time, and that the proof was sufficient to sustain the judgment. The judgment is therefore affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.