[No. 4138.   Decided March 24, 1902.]

BARBARA RATTELMILLER, *Respondent,* v. HENRIETTA M.
STONE, *Executrix, Appellant.*

TRIAL — REFUSAL TO STRIKE PLEADINGS — HARMLESS ERROR.

The refusal of the court to strike out a paragraph of a com-
plaint alleging the insolvency of a bank was not prejudicial
error, where such insolvency was shown without objection during
the trial of the cause.

SAME — ADMISSION OF EVIDENCE.

The admission in evidence of a written instrument, which is
incorrectly described in plaintiff's complaint, is not error of
which defendant can complain, when the instrument is proper-
ly pleaded in defendant's answer and correctly described in
plaintiff's reply.

GUARANTY — CONSIDERATION — NON-SUIT.

In an action against a guarantor upon a certificate of deposit,
the defendant is not entitled to a non-suit on the ground of want
of consideration, when the certificate showed an extension of
time of payment written across its face and when defendant's
guaranty, which was .indorsed on the back, but undated, re-
cited that it was made for a valuable consideration, and when
there was evidence of defendant's consent to the extension of
time, although the proof upon the issue as to whether the guar-
anty or the extension was the prior act of the parties or whether
they were in fact one transaction, was conflicting.

SAME — INSTRUCTIONS.

In an action to recover upon a certificate of deposit from
a guarantor who is alleged to have guaranteed payment in con-
sideration of an extension being granted to the bank of issu-
ance, where there was evidence that defendant was a managing
director of the bank, and that the bank officers were attempt-
ing to obtain money for the purpose of tiding over a financial
crisis, it was not error for the court to charge the jury that if
they found defendant "was the managing director of the bank
at the time of the extension, you have a right to consider that,
along with all the other circumstances in arriving at a con-
clusion as to whether or not he approved or consented to the
extension."

SAME — COMMENT ON EVIDENCE.

Such instruction does not violate the constitutional inhibition in relation to comments upon the testimony.

SAME — PRESUMPTIONS.

Upon an issue as to whether a guaranty upon an instrument or an extension of its time of payment was first executed, it was not error for the court to charge "where the guaranty imports and recites a consideration, it raises a presumption of consideration, and would be sufficient to authorize a recovery until overcome by proof;" and the burden of proof would be upon the defendant to establish want of consideration.

SAME.

In an action against a bank director upon a guaranty of payment of a bank certificate where an extension had been granted the bank, it was not error for the court to charge "that a presumption arises, in the absence of evidence to the contrary, that a managing director of a bank has knowledge of its doings and transactions, whenever by ordinary diligence he could have acquired the same, and whether or not such presumption is satisfactorily overcome," is for the jury.

Appeal from Superior Court, Walla Walla County.— Hon. ABRAHAM L. MILLER, Judge. Affirmed.

*Sharpstein & Sharpstein,* for appellant.

*Garrecht & Dunphy* and *Bennett & Sinnott,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was commenced by plaintiff against defendant upon a claim previously rejected by her as administratrix. The action is brought upon a certificate of deposit which was as follows:

"$10,000.                                             No. 1,458
            The Walla Walla Savings Bank.
                        Walla Walla, Wash., Aug. 22, 1892.
    This bank has received from L. Rattelmiller a deposit of Ten Thousand Dollars in Gold Coin returnable 12 months from date hereof to himself or his wife or order,

on surrender of this certificate properly endorsed. This deposit will bear interest at the rate of six per cent. per annum for the said 12 months and no longer.

W. H. Stine, Manager."

. It had at the time of the trial an indorsement written across its face in red ink, extending the time of payment six months from maturity, signed by Rattelmiller, the depositor, and by the bank officers; and upon the back it had the following indorsement:

"For value received I hereby guarantee payment of the within note, waiving judgment, notice of non-payment, and protest.

(Signed)    B. F. Stone."

Further like indorsements were made by William Stine and Milton Aldrich. It is admitted that Stone signed this guaranty, but it is claimed that it was without any consideration. The claim of the defendant is that the extension of time on the back of the note was made after the guaranty was executed, and that Stone was thereby released from liability. The plaintiff's claim is that the extension of time and the indorsement were contemporaneous, and that the one was consideration for the other. Neither the extension of time nor the guaranty bears any date. Upon the trial of the cause the jury found in favor of plaintiff. Judgment was entered, and from such judgment this appeal is taken.

It is alleged that the court erred in denying the motion made by defendant to strike out the sixth paragraph of the complaint, which was to the effect that the Walla Walla Savings Bank was insolvent. But, even if the allegation was unnecessary, no prejudice can be predicated upon it in this case; for during the trial of the cause it was shown in many instances, without objection, that the bank was insolvent.

The second assignment is that the court erred in denying defendant's motion for a non-suit. It is argued that, if the extension was put on last, it would avoid the guaranty, unless Mr. Stone consented thereto, and that, if the guaranty was put on last, there must have been a consideration therefor; that the plaintiff, in her pleadings, and in response to defendant's allegation of want of consideration, did not claim that there was any consideration other than the extension, and, unless it appears that the extension was granted at the same time, it would not constitute a consideration. Outside of the fact that the motion was so general that the court was not advised of the reason therefor, we think there was no ground whatever shown by the record for the non-suit. The evidence of consideration, outside of any extrinsic evidence, may be found in the guaranty itself, and the statements by the guarantor, that the guaranty was made for a valuable consideration. This is a solemn statement, and ought to be binding in the absence of convincing testimony to the contrary, and there was sufficient evidence of Stone's consent to the extension of time to be submitted to the consideration of a jury.

The main question in this case is whether or not the indorsement by Stone was made prior to or after the contract for extension of time. It is conceded that, if the guaranty was made before the extension, the defendant could not be held liable. But this is a proposition which was submitted to the jury on conflicting testimony; and in consideration of that testimony, and of the appearance of the certificate itself, without specially reviewing the testimony, we think the jury was amply justified in coming to the conclusion, under all the circumstances shown by the testimony, that the guaranties were made by the officers of the bank—Stone being one—for the purpose of

obtaining the continuance. Neither was there any preju-
dicial error in the admission of the certificate. If a mis-
take had been made, as it probably had, the error, if
any, was corrected by the reply, which conceded that the
extension was put upon the certificate on or about Aug-
ust 22, 1893, as alleged in said paragraph 4 of defend-
ant's answer; said paragraph 4 being inconsistent with
the description of the certificate in the complaint. *Ach v.
Carter,* 21 Wash. 140 (57 Pac. 344).

The next assignment of error is based upon the giving
of the 11th instruction, which is as follows:

"If you find from the evidence that B. F. Stone was the
managing director of the bank at the time of the exten-
sion, you have a right to consider that, along with all the
other circumstances, in arriving at a conclusion as to
whether or not he approved or consented to the extension."

This, is seems to us, is a correct statement of the law,
and it was pertinent, because the witness Adams had
testified that Stone was a managing, although a special,
director; and it was competent for the jury, under the
circumstances proven,—of the straitened condition in
which the bank was at the time of this transaction,—and
the testimony showing that the officers of the bank were
attempting to obtain money for the purpose of tiding over
the hard times which then prevailed, to take into con-
sideration the fact that Stone was a managing director
of the bank, in arriving at a conclusion as to whether or
not he approved or consented to the extension. Neither
do we think there was any infringing of the constitutional
inhibition in relation to comments upon the testimony.

Objection is also made to instruction No. 3, which is
as follows:

"It is admitted by the pleadings, and appears con-
clusively by the evidence and pleadings, that B. F. Stone,

during his life time signed the guaranty set forth in the complaint. You should therefore take that as a conceded fact. If the name of the said B. F. Stone was written on the back of the instrument set up in the complaint after its delivery to the holder thereof, then the said B. F. Stone would not be liable thereon, unless he should have received some new consideration therefor, and there should be no recovery against him. But where the guaranty imports and recites a consideration, it raises a presumption of consideration, and would be sufficient to authorize a recovery until overcome by proof; and the burden of proof would be upon the defendant to establish by a preponderance of the testimony that it was made without consideration."

This instruction is in harmony with the view expressed before under the second assignment of error.

The other instruction objected to is No. 12, which is as follows:

"In this connection I charge you that a presumption arises, in the absence of evidence to the contrary, that a managing director of a bank has knowledge of its doings and transactions, whenever by ordinary diligence he could have acquired the same, and whether or not such presumption is satisfactorily overcome in any case is for you."

What we have said in relation to the 11th instruction applies to this.

The instructions as a whole, it seems to us, state the law of the case correctly and concisely; and there having been no errors in the admission of testimony or the instructions to the jury, and the questions of fact having been submitted to the jury upon conflicting testimony, the judgment will be affirmed.

REAVIS, C. J., and ANDERS, WHITE, FULLERTON, HADLEY and MOUNT, JJ., concur.