[No. 5630. Decided September 30, 1905.]

CLARENCE H. CHILDS, as Receiver, etc., et al., Appellants, v. ALDEN J. BLETHEN, Respondent.[1]

CORPORATIONS—INSOLVENCY—RECEIVERS—JUDGMENT AGAINST STOCK-HOLDERS—RIGHTS OF CREDITORS NAMED IN JUDGMENT. A judgment in the receivership of an insolvent corporation, entered against the stockholders, in which proceedings the creditors interpleaded, is a judgment in favor of the creditors, where the language clearly and explicitly gives the creditors named a judgment against the stockholders in sums specified, and directed to be paid to the creditors in proportion to the amount due each, although the receiver is directed and authorized to collect the amount; hence the creditors are proper parties plaintiff to an action on the judgment.

SAME—FINALITY OF JUDGMENT. A judgment against the stockholders of an insolvent corporation is a final judgment, where the amount due was definitely determined, and collection directed by execution or suit as may be necessary, although no costs are specified.

SAME—RECEIVER TO COLLECT JUDGMENT—PARTY TO SUIT. A receiver of an insolvent corporation who is directed by a judgment in favor of the creditors to collect and enforce the same against the stockholders, is a proper party plaintiff in an action upon the judgment, although he may not be a necessary party and is not beneficially interested.

SAME—FOREIGN JUDGMENT AGAINST STOCKHOLDERS—ENFORCEMENT IN ANOTHER STATE. Where, in a receivership proceeding in Minnesota, all the creditors of the insolvent corporation unite and recover judgment against the stockholders on personal service in that state, they may, together with the receiver, enforce the judgment by an action in this state, against a stockholder who has since removed to this state.

1Reported in 82 Pac. 405.

SAME—JUDGMENTS—JOINT OR SEVERAL. A judgment against several stockholders in favor of the creditors of an insolvent corporation is not a joint judgment where it appears upon its face to be against each stockholder in a certain sum.

JUDGMENTS—ACTION AGAINST ONE JOINT DEBTOR. An action upon a joint judgment may be maintained against one of the joint debtors alone.

CORPORATIONS—RECEIVERS—STOCKHOLDERS—INTERLOCUTORY DECREE —EFFECT—LIMITATIONS. The fact that in a receivership proceeding, an interlocutory judgment was rendered against stockholders of an insolvent corporation, determining who were stockholders and retaining jurisdiction for the purpose of entering judgment, would not deprive the court of jurisdiction to enter a personal judgment, nor would the lapse of six years between the dates of such judgments vacate the jurisdiction of the court.

LIMITATION OF ACTIONS—FOREIGN JUDGMENT. An action upon the judgment of the state of Minnesota entered in 1903 is not barred by the statute of limitations in this state in the year 1905.

Appeal from a judgment of the superior court for King county, Morris, J., entered November 19, 1904, dismissing an action upon a foreign judgment, upon sustaining a demurrer to the complaint. Reversed.

*Shank & Smith,* for appellants.

*Bausman & Kelleher,* for respondent.

MOUNT, C. J.—This action is based upon a judgment recovered in the state of Minnesota. The court below sustained a demurrer to the amended complaint. The plaintiffs elected to stand upon the allegations of the complaint, and the action was dismissed. Plaintiffs appeal.

The amended complaint, omitting the title of the court, is as follows:

"Amended Complaint.

"Clarence H. Childs, as receiver for the collection and enforcement of the judgment against the defendant Alden J. Blethen . . . [then follow the names of one hundred other plaintiffs] Plaintiffs, v. Alden J. Blethen, Defendant.

"Come now the plaintiffs herein, by their attorneys, Shank & Smith, and for an amended complaint allege:

"(1) That at all times hereinafter mentioned the district court in and for the county of Hennepin, and of the Fourth Judicial District of the state of Minnesota, was and is a court of general jurisdiction, duly created and organized under the laws of said state.

"(2) That the plaintiff Clarence H. Childs is the receiver duly and regularly appointed by the said district court of Hennepin county, for the purpose of enforcing and collecting the judgment hereinafter mentioned against Alden J. Blethen. That the remaining plaintiffs are judgment creditors of the said Alden J. Blethen, each for the amount set opposite his name, as shown by the list to Exhibit 1, hereinafter referred to; which judgment, for the aggregate amount of $37,888.96, recovered on July 2, 1903, is the judgment for the enforcing of which this action is brought.

"(3) That in December, 1891, the Bank of New England was organized under and by virtue of the laws of the state of Minnesota, as a bank of discount and deposit, and that the defendant Alden J. Blethen was the promoter thereof and its president, manager, and principal stockholder during all of its existence. That on July 3, 1893, the said bank being then insolvent, a receiver in insolvency was duly appointed thereof by the said district court of Hennepin county, who thereupon took charge of the property and assets of the said bank and administered the same under the direction of the court, and was thereafter discharged.

"(4) That on December 26, 1895, while the receivership proceedings mentioned in paragraph 3 hereof were still pending, and before the discharge of the said receiver, the said district court of Hennepin county, Minnesota, duly made its order authorizing one of the creditors of the said bank to intervene in said receivership proceedings on behalf of the creditors of such bank and implead the stockholders thereof as parties defendant in said action, for the purpose of enforcing their statutory liability to the creditors of said bank; all in accordance with the law of the state of Minnesota and the practice of the said district court of Hennepin county. That pursuant to the said order made at the application of said intervening creditor, stockholders of the said bank were duly and regularly impleaded, and duly and regu-

larly served with process therein, and that pursuant to the orders of the court the creditors of the said bank duly and regularly filed their claims in said suit in intervention and became parties to the said action.

"(5)   That pursuant to the said order so made as aforesaid permitting the said intervention and directing the impleading of the stockholders, the summons of the said district court in said action, together with the complaint therein, was duly and regularly served upon all of the stockholders of the said bank, including the defendant herein, Alden J. Blethen, who at the time of the making of the order authorizing the impleading of the stockholders as aforesaid were or since have been residents of said state, and the said Alden J. Blethen was at the time of the service of the said summons and complaint within the jurisdiction of the said court. That the said district court, ever since the service of the said summons and complaint upon said defendants in said action as aforesaid, including the defendant Alden J. Blethen, had full and complete jurisdiction of said stockholders, defendants therein, including the defendant herein, Alden J. Blethen, for the purposes thereof, and has had full and complete jurisdiction of the subject of the action as well.

"(6)   That on July 9, 1897, an interlocutory adjudication was made in said court in favor of the plaintiffs herein, determining them to be creditors of the said Bank of New England, and also determining who were the stockholders in the said bank, and the amount for which they were found liable, and the amount for which each was found liable, including this defendant, Alden J. Blethen, and providing for the enforcement of such liability against the stockholders in said action, and retaining jurisdiction for the purpose of making such further orders, decrees and directions as might be necessary for the full enforcement thereof.

"(7)   That on July 2, 1903, pursuant to the reservations in the said interlocutory adjudication contained, and with proper reference thereto, and upon the petition of Clarence H. Childs, receiver as aforesaid, the said district court entered its final judgment in said action against the defendant herein, Alden J. Blethen, in the sum of $37,-888.96, a copy of which said judgment is hereto attached,

marked Exhibit 1, and is hereby referred to and made a part of this complaint.

"(8)   That no part of said judgment has been paid, and that there is now due and owing the plaintiffs herein, according to the terms thereof, the sum of $37,888.96, together with interest thereon at the rate of six per cent per annum from July 2, 1903.

"Wherefore plaintiffs demand judgment against the defendant Alden J. Blethen in the sum of $37,888.96, with interest thereon from July 2, 1903, together with their costs and disbursements herein. [Duly verified.]

"Exhibit 1 (to the complaint).

"State of Minnesota, County of Hennepin, District Court, Fourth Judicial District.

"State of Minnesota, Plaintiff, v. Bank of New England, Defendant, J. A. Hanson, Intervener, John R. Rea, Alden J. Blethen, Charles F. Haney, Kristian Kortgaard, Charles R. Chute, *et al.*, Impleaded.

"This matter coming on before this court on the motion of C. H. Childs, as receiver, for the enforcement and collection of the interlocutory decree herein; and the court having heard the evidence in support of said petition, did, on the 2d day of July, 1903, make and file its findings of fact and conclusions of law and order for final judgment against these particular defendants in said cause.

"Now, pursuant to said order, and on motion of C. H. Childs, as receiver, etc., it is hereby adjudged and decreed as folllows:

"(1)   That there is now due the creditors of the Bank of New England, a list of which is hereto attached marked 'Exhibit A,' the sum of $81,248.77, and that the said creditors are entitled to recover from the stockholders of said bank, as hereinafter set forth.

"(2)   That the said amount, or so much thereof as may be collected from the defendants hereinafter named, shall be distributed among the creditors of said bank in proportion to the amount set opposite their names in said Exhibit 'A.'

"(3)   That the liability of the stockholders of the said Bank of New England who resided within this state at the time of the institution of said action, or who have resided

within said state since the institution of said action, has been enforced and collected in full so far as may be, except that of the defendant Lucien Swift for the sum of $2,000, and said liability of $2,000 is treated as having been paid in full, and the amount due the creditors, as above stated, has been reduced accordingly.

"(4)   That the defendants Alden J. Blethen, Charles R. Chute, Kristian Kortgaard and Charles F. Haney, have been, ever since the entry of the said interlocutory decree herein, absent from the state of Minnesota, and beyond the jurisdiction of this court, and have had no property within said state from which their liability as stockholders herein could be paid or satisfied in full or in part, and neither they, or any of them, have ever paid or cancelled any part of their liability as such stockholders.

"(5)   That there is now due from each of said stockholders to the creditors of said Bank of New England, a list of which is hereto attached marked Exhibit 'A,' the sum set opposite the name of each of the following defendants respectively, viz.:  Alden J. Blethen, $37,888.96; Charles F. Haney, $139.10; Kristian Kortgaard, $695.50; Charles R. Chute, $139.10.

"(6)   That when said sums are paid and satisfied in full, together with interest thereon at the rate of 6 per cent per annum from the date hereof, the liability of the said respective parties to the creditors of said bank, and to other stockholders of said bank, will be paid and satisfied in full. The receiver herein is directed to satisfy in full the liability of said parties upon the payment to him of said amount.

"(7)   That Clarence H. Childs, heretofore appointed by interlocutory decree herein as receiver, for the purpose of collecting and enforcing the respective liabilities of the stockholders of said Bank of New England, who were found liable in said decree, is likewise directed, authorized and empowered to proceed to the collection and enforcement of the amount found due from the defendant stockholders herein, and to that end is authorized, directed and empowered to cause executions to be issued for the full amount of the respective liability of these defendants as found herein, and to institute and maintain such suits either at law or in equity, as may be necessary to the enforcement or preservation of the liability of said defendants, either within this jurisdiction,

or within any other jurisdiction wherein service of process upon said respective defendants may be obtained.

"Dated July 2, 1903. By the court."

Exhibit A, attached to the original judgment, consists of a list of the names of all the plaintiffs, except plaintiff Childs, as receiver, with the amount due set opposite each name, the total amount aggregating $81,248.77. To this complaint the respondent demurred upon the grounds:

"(1) That the court has no jurisdiction of the person of the defendant or of the subject-matter of the action. (2) That the plaintiffs have not, nor has any of them, legal capacity to sue. (3) That there is a defect of parties plaintiff. (4) That there is a defect of parties defendant. (5) That the amended complaint does not state facts sufficient to constitute a cause of action. (6) That the action has not been commenced within the time limited by law. (7) That several causes of action have been improperly united."

To support this demurrer the respondent argues, (1) that the creditors cannot sue outside of the state of Minnesota, because they have no judgment of their own, and that being so, no action can now be maintained in this state; (2) that the receiver cannot sue outside of the state of Minnesota, because the judgment is not a final judgment in his favor, and if it were, it cannot be enforced outside of that state by the receiver; (3) that the defendant cannot be sued separately, because the judgment is a joint judgment; (4) that there was no jurisdiction in the Minnesota court to enter the order sued upon without further notice to defendant; (5) that the action is barred by the statute of limitations. All the points which respondent seeks to make against the complaint require a consideration of the judgment sued upon.

There can be no doubt that the judgment is one in favor of the creditors. The language is:

"It is hereby adjudged and decreed as follows:

"(1) That there is now due to the creditors of the Bank of New England, a list of which is hereto attached marked

Exhibit 'A,' the sum of $81,248.77, and that said creditors are entitled to recover from the stockholders of said bank, as hereinafter set forth.

"(2)   That the said amount, or so much thereof as may be collected from the defendants hereinafter named, shall be distributed among the creditors of said bank in proportion to the amount set opposite their names in said Exhibit 'A.'   .   .   .

"(5)   That there is now due from each of said stockholders to the creditors of said Bank of New England, a list of whom is hereto attached marked Exhibit 'A,' the sum set opposite the name of each of the following defendants respectively, viz.: Alden J. Blethen, $37,888.96; Charles F. Haney, $139.10; Kristian Kortgaard, $695.50; Charles R. Chute, $139.10."

This language clearly and explicitly gives the creditors named a judgment against the defendant Blethen for the sum of of $37,888.96, which sum is required by paragraph 2 to be paid to such creditors in proportion to the respective amounts set opposite their names in Exhibit A.   When paid, together with interest at six per cent per annum, the liability of the defendant Blethen to the creditors of the bank and to other stockholders ceases, as provided in paragraph 6.   It is true that, by paragraph 7, Clarence H. Childs is directed and authorized to collect the amount due from defendant by execution, or by suit, as may be necessary, but this provision does not make the judgment any less the judgment of the creditors.   It is still their judgment and they are entitled to the proceeds thereof.   They are the parties beneficially interested.   Childs is interested merely as receiver or assignee for the purpose of collection.   That the judgment sued upon is a judgment against the defendant, and in favor of the creditors who were made parties plaintiff in this action, is so plain as to need no further discussion and no citation of authority.

Respondent next argues that the receiver cannot sue outside of the state of Minnesota, because the judgment is not

a final judgment in his favor; and even if it is such final judgment, it ca_not be enforced outside of Minnesota by the receiver. The judgment upon its face appears to be a final judgment. The amount found due from the defendant Blethen is definitely determined, and the several amounts due the creditors who are made plaintiffs in this action are likewise stated, and collection is directed by execution or suit as may be necessary. It is true, no costs are specified, but costs ordinarily follow as a matter of course. A provision for costs alone cannot determine the character of the order. The other requisites of a final judgment are all present. There can be no doubt that this is such a judgment. Black, Judgments (2d ed.), § 41.

It is also true that the receiver is not beneficially interested in the judgment. But he is the representative of the creditors, and authorized by the terms of the judgment to collect the amounts found due therein, and to pay such sums over to the creditors as therein stated He may not be a necessary party, but he is a proper party to the suit for the purpose of collection and distribution of the amounts due the parties beneficially interested, and made so by the terms of the judgment.

In support of the position that the judgment cannot be enforced outside of the state of Minnesota by the receiver, respondent cites and relies upon *Hale v. Allinson,* 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380; *Finney v. Guy,* 189 U. S. 335, 23 Sup. Ct. 558; and *Great Western Min. & Mfg. Co. v. Harris,* 198 U. S. 561, 25 Sup. Ct. 770. In each of these cases it was held that:

"The receiver of a corporation, with no other title to its assets and property than that derived from his appointment in a suit brought to adjudicate and enforce liens and subject the property to the payment of the claims of creditors, cannot be empowered by the court of his appointment to sue in a foreign jurisdiction, either in his own name or in that of the corporation, to realize its assets." Syllabus to

*Great Western Min. & Mfg. Co. v. Harris,* 25 Sup. Ct. 770, *supra.*

These cases upon this point were all based upon the case of *Booth v. Clark,* 17 How. 322, 15 L. Ed. 164, which was a case where a receiver of an insolvent estate, appointed in New York, brought a suit in the United States circuit court for the District of Columbia, to subject a certain fund in the District of Columbia to the purposes of the receivership in New York, to the exclusion of creditors in the District of Columbia. It was there held that the receiver could not maintain the action. In the course of the opinion Justice Wayne, in speaking of the powers of the receiver, at page 337, said:

"He has no extra-territorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done, where his debtor may be amenable to the tribunal which the creditor may seek."

*Hale v. Allinson* was a case where the creditors of an insolvent corporation in Minnesota filed a creditors' bill in the said court, for the purpose of enforcing stockholders' liability to creditors under the Minnesota statute. There were many nonresident stockholders who were not served, and none of them appeared in the action. Judgment was entered against the resident stockholders who were served with process, for the amount of the par value of their stock. No judgment was rendered against nonresident stockholders not served with process. In entering the decree, the court made an order appointing a receiver to collect the judgment against the resident stockholders, and directed the receiver to take all necessary steps against nonresident stockholders to enforce their liability as such stockholders of the insolvent corporation. The receiver was specially directed to institute

actions in foreign jurisdictions. Thereupon the receiver commenced a suit in equity in the United States circuit court of Pennsylvania, to recover the par value of shares of stock held by residents of Pennsylvania, and the court, after reviewing the Minnesota decisions and statutes bearing upon the question, held that the receiver could not maintain the action, and said, at page 67:

"We are of opinion, following the decisions of the highest court of Minnesota, that the statutes of that state do not provide for the appointment of a receiver to recover as such the amount of the added liability of the nonresident shareholders to creditors of an insolvent corporation. They do not provide that such liability shall be assets of the corporation, to be recovered by the receiver and payable to its creditors when such liability is enforced and the money recovered. There is no transfer of any right or title to a receiver to enforce the liability (certainly not as to nonresident stockholders), nor is it a case where any assignment of such right by the creditors has been made, so that the receiver is, in fact, an assignee of the persons interested in the recovery from the stockholders. We are thus brought to the fact that this is a plain and simple case of the appointment, authorized by statute, of a receiver by a court of equity in the exercise of its general jurisdiction as such court, with no title to the fund in him, and where such receiver acts simply as the arm of the court without any other right or title, and the question is whether, in these circumstances, a receiver can maintain this suit in equity in a foreign state by virtue of his appointment, and the direction to sue contained in the decree in the case in which he was appointed a receiver?"

*Finney v. Guy* was a case where the facts were substantially the same as in *Hale v. Allinson,* except that the receiver joined the creditors as plaintiffs, on bringing suit in Wisconsin to enforce a shareholders' liability under the Minnesota statutes. In referring to this fact, the court said:

" . . . No one creditor can maintain the action under the Minnesota statute, and if all unite, they must sue in the courts of that state."

This is precisely what was done in the case at bar, and the judgment was rendered against respondent upon personal service. *Great Western Min. & Mfg. Co. v. Harris* was a case where a receiver, appointed over an insolvent corporation in Kentucky, in a general creditors' and foreclosure suit, was attempting to collect from the stockholders residing in Vermont funds fraudulently converted by such stockholders. Each of these cases is clearly and readily distinguished from the case at bar, by the fact that the respondent here is a judgment debtor in the state of Minnesota, where the judgment was rendered against him upon notice by personal service, by a court of general jurisdiction having authority under the laws of that state to render such a judgment. *Harper v. Carroll,* 66 Minn. 487, 69 N. W. 610, 1069. All of the parties in whose favor the judgment was entered are parties plaintiff in this action. The facts in this case, as stated in the complaint and judgment sued upon, bring it squarely within the case of *Hancock Nat. Bank v. Farnum,* 176 U. S. 640, 20 Sup. Ct. 506, 44 L. Ed. 619, where it was said:

"This case brings to our consideration the same constitutional and statutory provisions of the state of Kansas which were before us in *Whitman v. Oxford National Bank, ante,* 563. In that case we decided that a plaintiff, after the recovery of a judgment against a Kansas corporation in the courts of Kansas, and the return of an execution unsatisfied, could maintain an action in any court of competent jurisdiction against a stockholder of the corporation to recover in satisfaction of his judgment an amount not exceeding the par value of the defendant's stock."

In *Hale v. Allinson* and *Finney v. Guy,* the two cases last above cited, were said not to bear upon the questions then under consideration, for the reason, as stated in *Finney v. Guy,* at page 345:

"The statutes are radically different, and no one creditor can maintain the action under the Minnesota statute, and if all unite, they must sue in the courts of that state."

This was what was done in the case at bar. All the creditors united, and obtained a several final judgment against the respondent and other stockholders who were served in Minnesota, and these creditors, together with the receiver who was appointed to enforce the collection and distribute the proceeds pro rata among the creditors, now bring this action in this state to enforce collection of that judgment. It is therefore not an action by a receiver as such, but is essentially one by judgment creditors. We have no doubt of their right to maintain the action under the facts alleged. 23 Am. & Eng. Ency. Law, 1108, §§ 2, 4, and authorities there cited. See, also, note to *Hale v. Allinson,* 47 L. Ed. 380.

In *Childs v. Cleaves,* 95 Me. 498, 50 Atl. 714, the "supreme judicial court" of Maine held that, upon the principle of comity between the states, the same receiver could bring an action against a stockholder resident of Maine, to enforce a stockholder's liability, where the defendant was never served with process and never appeared in the original proceeding in the court of Minnesota. It is not necessary for us to go so far as that in this case.

Respondent next contends that the judgment sued upon is a joint judgment against himself and others named therein, and therefore he cannot be sued alone. An examination of the judgment itself discloses that it appears upon its face to be a several judgment for $37,888.96 against respondent. But, under the rule in *Olson v. Veazie,* 9 Wash. 481, 37 Pac. 677, 43 Am. St. 855, and *Bignold v. Carr,* 24 Wash. 413, 64 Pac. 519, an action upon a joint judgment may be maintained against one of the judgment debtors alone.

We find nothing in the complaint to justify the contention that the Minnesota court had no jurisdiction to enter the final judgment of July 2, 1903, the one sued upon here. It is true, the complaint states that on July 9, 1897, an interlocutory adjudication was made determining who were creditors and who were stockholders, and the amount for

which each stockholder was found liable, and providing for the enforcement of such liability and retaining jurisdiction for that purpose; and that, pursuant to such reservation, a final judgment was entered on July 2, 1903. It is only necessary to say in this connection that, if the court rendering the judgment had jurisdiction of the person of respondent as alleged, it retained such jurisdiction to enter a final order in the case, which appears upon the face of the complaint to have been done on July 2, 1903. The mere fact that nearly six years intervened between the interlocutory order and the final judgment, is no indication that the court of Minnesota lost jurisdiction. Neither is there any force in the contention that this action is barred by the statute of limitations. It is certainly not barred by the statutes of this state, and no statute of the state of Minnesota is cited as bearing upon the question. For the reasons herein stated, the lower court erred in sustaining the demurrer.

The judgment of dismissal is therefore reversed, and the cause remanded with directions to the lower court to overrule the demurrer, and require the respondent to answer to the merits.

ROOT, CROW, HADLEY, DUNBAR, and RUDKIN, JJ., concur.