STATE SAVINGS BANK, RESPONDENT, *v.* ALBERTSON ET AL., APPELLANTS.

(No. 2,686.)

(Submitted June 17, 1909. Decided July 3, 1909.)

[102 Pac. 692.]

*Promissory · Notes—Taking Security—When Bar to Action—*
*Complaint—Insufficiency—Illegality—Pleading and Proof—*
*Amendments—Application—Affidavit—Insufficiency —Discre-*
*tion—Dismissal—Delay.*

Actions—Dismissal—Delay—Discretion—Burden of Showing Error.
    1. A motion to dismiss an action on the ground that plaintiff has, without sufficient excuse, failed to prosecute it to final judgment with reasonable diligence, is addressed to the trial court's discretion, and the burden of showing an abuse of such discretion is upon the movant;

therefore, where nothing further appeared in the record than that the motion was made and denied, the supreme court will not interfere.

Same—Dismissal—Delay—Lapse of Time.

2. Mere lapse of time in prosecuting an action to final judgment is not sufficient to justify a dismissal.

Statutes—Adoption from Other State—Construction.

3. Where a statute is adopted from another state, the construction given to it by the supreme court of that state is also adopted.

Promissory Notes—Taking Security—When Bar to Action—Pleading.

4. To constitute the taking of security a bar to an action on a note under section 6861, Revised Codes, it must be alleged that the security was in the form of a mortgage, or what the law would deem the equivalent of a mortgage; the statute is a limitation upon the rights which usually pertain to property, and its restriction will not be construed to include personal or collateral security, or any form of security not falling within the meaning of "mortgage."

Same—Taking Security—Pleading and Proof.

5. Plaintiff brought suit to recover on a promissory note. Defendants answered by alleging, *inter alia,* that plaintiff had taken "security" for the payment of the note. Section 6861, Revised Codes, provides that where a debt is secured by a mortgage upon real or personal property, recourse must be had to foreclosure proceedings. Defendants offered evidence to show that real estate had been conveyed to plaintiff to secure payment of the note. The court refused the offer. *Held,* that the court did not err, in that the allegation in defendants' answer that plaintiff had taken "security" was insufficient, under the rule declared in paragraph 4 above, to present an issue coming within the purview of the section, and the evidence was therefore irrelevant and immaterial.

Same—Illegality of Contract—Pleading and Proof.

6. Where defendants in an action on a promissory note had not alleged in their pleading that the purpose for which the note was given was illegal, they were properly denied permission to prove its illegal purpose.

Trial—Amendments of Pleadings—Insufficiency of Affidavit—Discretion.

7. The trial court did not abuse its discretion in refusing defendants permission to amend their answer during trial, where the affidavit filed in support of the application did not negative the idea that the facts alleged in the proposed amendment were within the knowledge of defendants and their counsel from the commencement of suit.

Appeal—Conflicting Evidence—New Trial—Review.

8. Where the evidence presents a substantial conflict, the finding of the jury thereon and the court's action in denying a motion for new trial are conclusive upon the supreme court.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by the State Savings Bank against Henry Albertson and another to recover on a note. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, defendants appeal. Affirmed.

*Mr. John J. McHatton,* for Appellants.

The Ferrells were engaged in carrying on an illegal business, to-wit, gambling. Hence, there could be no partnership obligation between the appellants and the Ferrells. If this purpose was one against public policy it could not be contended that any contract in connection with it could be enforced. The appellants could not have enforced their claim for one-fifth of the net proceeds, nor could the Ferrells claim any obligation against them whatever. (*Jackson* v. *Akron Brick Assn.,* 53 Ohio St. 303, 53 Am. St. Rep. 637, 41 N. E. 257, 35 L. R. A. 287; *Sampson* v. *Shaw,* 101 Mass. 149, 3 Am. Rep. 327; *Dunham* v. *Presby,* 120 Mass. 285.) That playing margins is against public policy and that the court will not enforce an act against public policy is established. (*Beattie* v. *Hoyt,* 3 Mont. 140; 9 Cyc. 465, 466; *Morton* v. *Fletcher,* 2 A. K. Marsh. (Ky.) 137, 12 Am. Dec. 366; 5 Cyc. 744; *Ford* v. *Gregson,* 7 Mont. 89, 14 Pac. 659; *Jones* v. *Hanna,* 81 Cal. 507, 22 Pac. 883; *Blank* v. *Nohl,* 112 Mo. 159, 20 S. W. 477, 18 L. R. A. 350; note to *Brown* v. *Phillips,* 3 L. R. A. 631.) Option contracts are usually, when they refer to stocks, mere disguises for gambling, and where there is no intention on the one side to sell or deliver the property, or on the other to buy or receive it, but merely an intention that the difference shall be paid according to the fluctuation of market values, the contract is wager and void. (*Pearce* v. *Foote,* 113 Ill. 228, 55 Am. Rep. 414; *Pearce* v. *Dill,* 149 Ind. 136, 48 N. E. 788; *Counselman* v. *Reichart,* 103 Iowa, 430, 72 N. W. 490; *Shaw* v. *Clark,* 49 Mich. 384, 43 Am. Rep. 474, 13 N. W. 786; *Gregory* v. *Wendell,* 39 Mich. 337, 33 Am. Rep. 390; *Sprague* v. *Warran,* 26 Neb. 326, 41 N. W. 1113, 3 L. R. A. 679; *Kingsbury* v. *Kirwin,* 77 N. Y. 612; *Lester* v. *Buel,* 49 Ohio St. 240, 34 Am. St. Rep. 556, 30 N. E. 821; *Melchert* v. *American Union Tel. Co.,* 11 Fed. 193, 3 McCrary, 521; *Morris* v. *Norton,* 75 Fed. 921, 21 C. C. A. 553; *Waldron* v. *Johnston,* 86 Fed. 758; *Dunn* v. *Bell,* 85 Tenn. 587, 4 S. W. 43.) In *Pierce* v. *Rice,* 142 U. S. 40, 12 Sup. Ct. 130, 35 L. Ed. 925, it is held that notes based on stock gambling transactions are void.

In *Clews* v. *Jameson,* 96 Fed. 653, 38 C. C. A. 473, it is held
that a suit will not be entertained to enforce difference of mar-
ket and contract price on day of delivery. *Lee* v. *Boyd,* 86
Ala. 287, 5 South. 491, holds that neither party to a gambling
contract can gain interest in negotiable bonds pledged by trus-
tee.

The American rule is that all wagering contracts are illegal
and void as against public policy. (*Irwin* v. *Williar,* 110 U. S.
510, 4 Sup. Ct. 160, 28 L. Ed. 225; *Shain* v. *Goodwin,* 46 Fed.
567; *Harvey* v. *Merrill,* 150 Mass. 10, 15 Am. St. Rep. 159, 22
N. E. 49, 5 L. R. A. 205.) Gambling is none the less such be-
cause in the guise of legitimate trade. (*Morrissey* v. *Broomal,*
37 Neb. 785, 56 N. W. 388.) Whether a contract is a wager
and void or not is determined by the intent, and not the form
of the contract. (*Dows* v. *Glaspel,* 4 N. D. 251, 60 N. W. 62.)
In California there is a constitutional provision, and the court
of that state has rendered decisions under it. (*Parker* v. *Otis,*
130 Cal. 322, 92 Am. St. Rep. 56, 62 Pac. 571, 972.) In Geor-
gia it is distinctly held that a lender is not entitled to recover
money advanced to aid a borrower in prohibited margin trans-
actions. (*Singleton* v. *Bank,* 113 Ga. 530, 38 S. E. 947.)

If, as they contend, appellants were to have a share of the
profits, and had nothing to do with running the business, then
they were not partners. (*Hubbard* v. *Mulligan,* 34 Colo. 236,
82 Pac. 783; *Beasley* v. *Berry,* 33 Mont. 477, 84 Pac. 791; Bates
on Partnership, 158-168; 22 Am. & Eng. Ency. of Law, 15-17;
6 Current Law, p. 912, note 76; *Hanrahan et al.* v. *Freeman,* 35
Mont. 584, 90 Pac. 793.)

The court erred in refusing to allow defendants to amend
the answer. (*O'Toole* v. *Copeland,* 36 Mont. 344, 92 Pac. 967.)

*Messrs. McBride & McBride,* and *Mr. Jesse B. Roote,* for Re-
spondent.

Mere knowledge on the part of a person loaning money that
the borrower intends to use it by engaging in the purchase of
options on grains in the market of another state, or involving

it in wagering or gambling contracts, will not defeat an action by the lender to recover back the amount loaned. (*Jackson* v. *City National Bank,* 125 Ind. 347, 25 N. E. 430, 9 L. R. A. 657; see, also, *Singleton* v. *Bank of Monticello,* 113 Ga. 527, 38 S. E. 948; *Corbin* v. *Wachhorst,* 73 Cal. 411, 15 Pac. 22; *Longnecker* v. *Shields,* 1 Colo. App. 264, 28 Pac. 659; *Sondheim* v. *Gilbert,* 117 Ind. 71, 10 Am. St. Rep. 27, 18 N. E. 687, 5 L. R. A. 432; *Green* v. *Collins,* 3 Cliff. 499, Fed. Cas. No. 5755; *Gaylord* v. *Soragen,* 32 Vt. 110, 76 Am. Dec. 154; *Lurton* v. *Gilliam,* 1 Scam. 577, 33 Am. Dec. 430; *Jackson* v. *Bank,* 125 Ind. 347, 25 N. E. 430, 9 L. R. A. 657.)

The allowance or refusal to allow amendments is in the discretion of the court, and subject only to review for abuse. (*Billings* v. *Sanderson* 8 Mont. 201, 19 Pac. 307; *Cooke* v. *Spears,* 2 Cal. 409, 56 Am. Dec. 348; *Stearns* v. *Martin,* 4 Cal. 228; *Jessup* v. *King,* 4 Cal. 331; *Canfield* v. *Bates,* 13 Cal. 606; *Gillan* v. *Hutchinson,* 16 Cal. 154; *McMinn* v. *O'Connor,* 27 Cal. 239; *Page* v. *Williams,* 54 Cal. 562; *Harney* v. *Corcoran,* 60 Cal. 314; *Weisenborn* v. *Neumann,* 60 Cal. 376; *Martin* v. *Thompson,* 62 Cal. 618, 45 Am. Rep. 663.) Ordinarily, a party ought not, after having deliberately selected his ground of defense, and finding himself defeated thereon, to be permitted to shift it so as to court the hazard of another battle. (*Barrett* v. *Kansas & T. Coal Co.,* 70 Kan. 649, 79 Pac. 150; see, also, *Phoenix Ins. Co.* v. *Washington,* 71 Kan. 777, 81 Pac. 461.) It is not an abuse of discretion for a trial court during the trial of a cause to refuse an amendment to an answer, which sets up a new and additional defense, where no reason is given therefor other than that the trial court refused to allow the evidence desired to be introduced under a general denial. (*Piper* v. *Choctaw Northern Townsite & Imp. Co.,* 16 Okl. 436, 85 Pac. 965; *Jacobs et al.* v. *Mexican Sugar Refining Co.,* 115 App. Div. 499, 101 N. Y. Supp. 320.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from a judgment in favor of plaintiff and from an order denying defendants' motion for a new trial. The com-

plaint contains two counts. The first alleges that Fred. M. Ferrell, John J. Ferrell, Henry Albertson, and George Kendall were between December 24, 1900, and May 27, 1901, copartners doing business under the firm names of the Fred. M. Ferrell Company and the John J. Ferrell Brokerage Company; that on January 2, 1901, they caused to be executed and delivered to the plaintiff a promissory note for the sum of $4,000, signed "Fred. M. Ferrell Co.," and "John J. Ferrell Brokerage Co.," the payment of which was guaranteed by indorsement by Fred. M. Ferrell and John J. Ferrell; and that there is due and unpaid thereon the whole of the principal sum, with interest at the rate of ten per cent per annum, as stipulated therein, since April 4, 1902. In the second count the same allegations are made as to the copartnerships of the defendants, and it is then alleged that the plaintiff between the dates named loaned and advanced to, and for the use of, the copartnerships, on account of overdrafts, moneys to the amount of $12,240.34, no part of which has been paid, except the sum of $5,956.35 leaving a balance due and unpaid of $6,283.99, with interest at eight per cent per annum, the stipulated rate, since May 24, 1901. Judgment is demanded for the amount of these balances, with interest.

The defendants Ferrell filed a general demurrer, and as to them the cause is not yet at issue. Defendants Albertson and Kendall filed a joint answer. They deny generally that they were at any time associated with the defendants Ferrell as copartners or ever transacted any business with them under the copartnerships mentioned or otherwise; that they executed and delivered, or caused to be executed and delivered, the promissory note as alleged by plaintiff; that the plaintiff advanced the moneys to them, or for their use and benefit, by way of overdraft, or that they are indebted to the plaintiff in any amount, by promissory note or otherwise. They allege by way of special defense to the first count that on or about December 24, 1900, they advanced to the defendants Ferrell certain moneys to enable them to conduct the business in which they were then engaged, upon the agreement and understanding that they were

to receive a certain portion of the profits thereof if any were made; that they never had any other connection with the said Ferrells; that they never had knowledge that the plaintiff had loaned any moneys to the Ferrells; that, at the time the loan of money was made upon the promissory note as alleged by plaintiff, it knew that the Ferrells were the only members of the copartnerships; and that the plaintiff accepted their note and the guaranty indorsed thereon, giving credit to them exclusively. They then continue: "And these defendants allege that they are informed and believe, and on said information and belief say, that said Fred. M. Ferrell and John J. Ferrell gave to plaintiff security and assurance for the payment of said promissory note, and that, upon the same and the credit of said partners, the plaintiff parted with its money and took said promissory note, and did not look to or rely upon, or intend to look to or rely upon, the credit or responsibility of these defendants, or either of them, in advancing said money, or in taking said promissory note." Substantially the same special allegations are made in answer to the second count, except as to the personal guaranty by the Ferrells. The reply admits that the plaintiff took security for payment both of the note and the amount of the overdraft, but denies generally all the other allegations. The verdict and judgment were for the amounts demanded, with interest. Pending the motion for a new trial, Kendall died, and F. J. Morse, administratrix upon his estate, was substituted as defendant in his stead. Of the great number of errors assigned, only a few are of sufficient importance to demand special notice.

1. At the beginning of the trial, on April 11, 1908, counsel for appellants moved the court to dismiss the action on the ground that it had not been prosecuted with reasonable diligence. Upon the denial of this motion the first assignment is made. It is properly conceded that such a motion is addressed to the discretion of the trial court, and that its action thereon will not be disturbed in the absence of an apparent abuse of power in that behalf. The rule is generally recognized that the courts have the power independently of such a provision as is

found in our Code (Revised Codes, sec. 6714) or a rule of court to dismiss an action whenever it appears that the plaintiff has, without sufficient excuse, failed to prosecute it to final judgment. (*Dupuy* v. *Shear*, 29 Cal. 238; *People* v. *Jefferds*, 126 Cal. 296, 58 Pac. 704; *Colorado Eastern Ry. Co.* v. *Union Pac. R. Co.*, 94 Fed. 312, 36 C. C. A. 263; *Ashley* v. *May*, 5 Ark. 408; 14 Cyc. 444.) The power being a discretionary one, the burden is upon the appellant to show an abuse of it. In *Grigsby* v. *Napa County*, 36 Cal. 585, 95 Am. Dec. 213, it was said: "In such cases it has not been the practice of this court to interfere except where the district court has abused the discretion which it necessarily exercises in this class of cases; and, in invoking the aid of this court, it is incumbent on the appellant to establish affirmatively that there has been such abuse of discretion. Until the contrary appears, the presumption is the discretion of the district court was rightfully exercised." Nothing further appears in the transcript than that the motion was made and denied. Evidently counsel relied solely upon the fact, apparent from the files and records of the district court and within the knowledge of the court, that the action had been pending since the filing of the complaint on July 31, 1903, and deemed the lapse of time sufficient to move the court's discretion. Mere lapse of time is not sufficient in itself to justify a dismissal. Since counsel relied solely upon the knowledge of the court upon which to guide its discretion, it had the right to take into consideration any fact known to it, which in its opinion furnished a sufficient reason for denying the motion. If the record revealed the fact that the defendants had acquiesced in or caused the delay—and, so far as we are informed, it did—this was a matter which the court should not have overlooked. In any event, there is nothing before us to show that the court acted arbitrarily. Hence a case is not presented calling for interference by this court.

· 2. The second contention requiring notice is that the plaintiff should not have been allowed to recover in this action because it is alleged in the answer, and admitted in the replication, that the plaintiff accepted security from the defendants Fer-

rell. During the trial the defendants offered evidence to show that their codefendants Ferrell, at the time the note was given to the plaintiff, conveyed to it certain real estate situated in Butte, to be held by it to secure the payment, not only of the note, but of any overdraft made. Upon objection this was excluded as not relevant to any issue made by the pleadings. The court also instructed the jury, in effect, that the taking of security from the Ferrells as alleged could not affect the plaintiff's right to recover as against defendants Kendall and Albertson. The assignment is made upon the action of the court in these particulars. Counsel insist that the defendants should have been allowed to show that the security admitted to have been taken by the plaintiff was in effect a mortgage upon real estate, and thus to have made out a defense requiring the court to dismiss the action under section 6861, Revised Codes, which, in part, declares: "There is but one action for the recovery of debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter," etc. The chapter containing this section relates to the foreclosure of mortgages.

The statute was adopted from the Code of Civil Procedure of California, and with it was adopted also the construction given to it by the supreme court of that state. (*Largey* v. *Chapman*, 18 Mont. 563, 46 Pac. 808; *Brophy* v. *Downey*, 26 Mont. 252, 67 Pac. 312; *Barbieri* v. *Ramelli*, 84 Cal. 154, 23 Pac. 1086.) In *Merced Bank* v. *Casaccia*, 103 Cal. 641, 37 Pac. 648, the court said of it: "The obvious purpose of the statute is to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor." Again, in the same case, the court said: "This statute is a limitation upon the rights which usually pertain to property, and the restriction will not be carried beyond the obvious import of the language used." Of the correctness of this view we have no doubt. As pointed out in *Brophy* v. *Downey, supra,* no obligation rests upon the plaintiff in any case in stating his cause of action to show

whether or not the defendant has executed a mortgage to secure the performance of the contract. The plaintiff being *prima facie* entitled to maintain his action, the fact that the obligation upon which he sues is secured by a mortgage is a matter of defense, and the burden rests upon the defendant to make it appear by his pleading, and in doing so he must bring himself within the purview of the statute. It is not sufficient to bar the action that it appears that security has been given for the obligation. The security must appear to be in the form of a mortgage, or, adopting the most liberal view, to be what the law would deem the equivalent of a mortgage. The restriction cannot be construed to include personal or collateral security or any other form of security not falling within the meaning of that term.

The allegations contained in the answer clearly do not present an issue coming within the purview of the statute. They amount merely to a statement that the plaintiff had taken security from the Ferrells. This is not a sufficiently definite and specific statement of facts to present any defense, and even a denial of it would not have made a material issue. The admission of it by plaintiff in its replication does not better the situation. Whatever may have been the theory upon which the evidence was excluded, the ruling was correct; for it was neither relevant nor material to any issue in the case. For the same reason the instructions on the subject were properly submitted.

In what we have said so far we have assumed that the appellants would have been entitled to plead and prove as a bar to the action against them the fact that, when the action was commenced, the plaintiff held mortgage security for the debt, given by the Ferrells upon real estate owned by them individually. Whether this would bring the appellants, who have no interest in the property and had nothing to do with the hypothecation of it, within the equity of the statute we do not decide, because the question is not in the case.

3. It is said that the court erred in refusing to admit evidence tending to show that at the time the plaintiff made the

loans to the defendants it knew that they were engaged in carrying on an illegal business, to-wit, gambling, by making purchases and sales of mining stocks for their customers exclusively on margins. It may be assumed, for present purposes, that the business conducted by the defendants was of such a character as to render the copartnership contracts void, and also all contracts made by the copartnerships with third persons having direct reference to, and in furtherance of, them. It may be further assumed that the plaintiff made the loans for the express purpose of being used in the illegal business, and that the evidence offered would have established the fact beyond question. Yet there was no issue on the subject in the pleadings. Hence the evidence was not relevant. The complaint on its face does not show that the purpose for which the loans were made was illegal; nor was it necessary for the plaintiff to go further into the subject of consideration in offering its proof in order to make out a case upon which it could recover, than to show a loan to the copartnerships. It was then incumbent upon the defendants, in order to avoid the *prima facie* case thus made, to show the illegal purpose of the contract, if they could, and to this end it was incumbent upon them to present the facts in their pleading by way of special defense in the nature of a plea of confession and avoidance. (Bliss on Code Pleading, sec. 330; Pomeroy's Code Remedies, 4th ed., sec. 584; Bates' Pleading and Practice, P. & F., 1292.)

4. During the trial counsel for the defendants prepared and asked leave to file an amendment to the answer, alleging the purpose for which the loans were made and knowledge on the part of the plaintiff, and also showing that the security given for them by the Ferrells was a mortgage upon real estate in Butte. The application was supported by an affidavit by counsel, to the effect that at the time the original answer was filed he believed the illegal character of the contract could be shown under the denials therein. As to the omission therefrom of specific allegations touching the character of the security, nothing is stated further than that the amendment is tendered in good faith at the first opportunity. So far as appears, the facts

alleged in the proposed amendment were within the knowledge of the defendants and their counsel from the time the complaint was filed. An amendment incorporating them would have presented issues entirely new, and its allowance would have been made without a showing of any substantial reason for the delay in presenting it. Under the circumstances there was no abuse of the discretion to be exercised in such cases. (*First Nat. Bank* v. *How*, 1 Mont. 604.)

5. Some contention is made that the evidence is insufficient to sustain the finding that the appellants were members of the copartnerships. In this contention there is no merit. The evidence on this point presents a substantial conflict. The finding of the jury and the action of the district judge thereon in denying the motion for a new trial are conclusive upon this court.

The judgment and order are affirmed.

*Affirmed.*

Mr. Justice Smith and Mr. Justice Holloway concur.