SMOTHERMAN, APPELLANT, *v.* CHRISTIANSON, RESPONDENT.

(No. 4,275.)

(Submitted January 12, 1921. Decided February 21, 1921.)

[195 Pac. 1106.]

*Default Judgments—Failure to Demand Entry of Judgment— Dismissal of Action—When Improper.*

Actions—Dismissal—Neglect to Demand Entry of Judgment.
  1. Under section 6714, subdivision 6, Revised Codes, an action may be dismissed by the court when after final submission, *i. e.,* a submission which is the equivalent of a verdict and when judgment may be demanded as of course, the party entitled thereto has neglected for more than six months to demand and have judgment entered.
Default Judgments—Entry of Judgment.
  2. In an action upon a contract or for the recovery of money or damages only, in which the default of the defendant has been entered regularly, the plaintiff is entitled to have the clerk enter judgment

---

2. Entry of default judgment by clerk without required order of court as void or voidable, see note in 16 Ann. Cas. 1211.

for the amount demanded; in other actions, after entry of default, plaintiff must apply to the court for relief.

Same—Unliquidated Damages—Default Admits, What.
    3. In an action to recover unliquidated damages, the default of the defendant admits the cause of action and the material and traversable allegations of the complaint, but not the amount of damages.

Same—Failure to have Judgment Entered—Improper Dismissal.
    4. Where, in an action for unliquidated damages, plaintiff did not, after entry of default, apply to the court, make proof of his damages and secure a determination of the amount either by the court or by the verdict of a jury, there was no submission which was the equivalent of a verdict, and the court erred in dismissing the action on the ground that plaintiff had neglected for more than six months after entry of default to demand and have judgment entered.

Actions—Failure to Prosecute—Dismissal.
    5. Where plaintiff without sufficient cause fails to prosecute his action with reasonable diligence, an application to dismiss for that reason is proper.

*Appeal from District Court, Blaine County; W. B. Rhoades, Judge.*

Action by W. D. Smotherman against Charles Christianson. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Cause submitted on briefs of Counsel.

*Mr. W. B. Sands,* for Appellant.

*Mr. A. A. Grorud,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Certain questions arising out of this litigation have been determined by this court heretofore. (*State ex rel. Smotherman* v. *District Court,* 50 Mont. 119, 145 Pac. 724; *State ex rel. Smotherman* v. *District Court,* 51 Mont. 495, 153 Pac. 1019.) The action is for damages for trespass. Due service of process was made, but defendant suffered his default to be entered, and after the lapse of more than two years moved the court to dismiss the action upon the ground that for more than six months after the default plaintiff neglected to demand and

have judgment entered. The motion was sustained, judgment entered dismissing the complaint, and plaintiff appealed.

Defendant, in moving for the dismissal, and the court, in making its order, proceeded upon the theory that after the [1] lapse of more than six months from the entry of default defendant was entitled to the dismissal as of course, under subdivision 6, section 6714, Revised Codes, which follows: "An action may be dismissed: * * * (6) By the court, when after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months." There was not any verdict returned in this case, and the only question presented by the record which requires consideration is: Did the entry of default constitute a final submission?

In *State ex rel. Stiefel* v. *District Court,* 37 Mont. 298, 96 Pac. 337, this court, in construing the language of the statute above, said: "Applying the rule of *noscitur a sociis,* the words 'final submission,' found in this subdivision, mean a submission which is the equivalent of the return of a verdict, or, in other words, they refer to that state of the case when a judgment may rightly be demanded, as of course." (See, also, *State ex rel. Kohl* v. *District Court,* 46 Mont. 348, 128 Pac. 582.) The phrase "as of course," used in the *Stiefel Case,* above, means that plaintiff is entitled to the judgment without the court being called upon further to investigate the truth of the allegations upon which it is founded. (6 Words and Phrases, 4914.) Section 6719, Revised Codes, provides for [2, 3] judgments by default and the conditions under which they may be obtained. If the action is upon a contract for the recovery of money or damages only, and the default of the defendant has been entered regularly, the plaintiff is entitled to have the clerk enter judgment for the amount demanded, *etc.* In other actions, after the default has been entered, the plaintiff must apply to the court for relief. In this character of action, the verdict of a jury would necessarily determine

the amount of damages to which the plaintiff is entitled.   Did the entry of default have the same effect?

In an action to recover unliquidated damages, the default [4] of the·defendant admits the cause of action and the material and traversable allegations of the complaint, but does not admit the amount of damages.   (23 Cyc. 761; 1 Black on Judgments, sec. 91.)   The damages sought herein are unliquidated, and it follows that, before plaintiff could rightfully demand judgment, he was required to apply to the court, make proof of his damages, and secure a determination of the amount either by the court or by the verdict of a jury, and, until he did so, there was not a submission which was the equivalent of a verdict.   The case does not come within the class contemplated by subdivision 6, section 6714, above, and the court erred in its ruling.

It may or may not be true that plaintiff, without sufficient [5] cause, failed to prosecute this action with reasonable diligence.   The record does not contain anything which reflects upon the subject.   If he did so fail, then application to dismiss for that reason would have been proper, but such application would not be grounded upon section 6714, above.   (*State Savings Bank* v. *Albertson*, 39 Mont. 414, 102 Pac. 692.)

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.