KUJICH, ET AL., APPELLANTS, v. LILLIE, RESPONDENT.

Nos. 9064, 9065.
Submitted January 5, 1953. Decided July 2, 1953.
260 Pac. (2d) 383.

Mr. Wellington D. Rankin and Mr. Arthur P. Acher, Helena, for appellants.

Messrs. Graybill and Bradford. Great Falls, for respondent.

Mr. Acher and Mr. Truman G. Bradford argued orally.

MR. CHIEF JUSTICE ADAIR:

Appeals from judgments of dismissal entered in two tort actions.

On November 26, 1941, Vernon C. May and John W. Kujich suffered such serious bodily injuries in an automobile accident on the Great Falls-Belt highway in Cascade County that both died therefrom. At the time of the accident May was driving the automobile and John W. Kujich was riding as a guest therein.

On November 27, 1944, Mary Kujich was duly appointed as special administratrix of the estate of John W. Kujich, deceased, by order of the district court of Lewis and Clark County, Montana.

On December 13, 1944, the defendant Robert G. Lillie was duly appointed as administrator of the estate of Vernon C. May, deceased, by order of the district court of Cascade County, Montana.

*Commencement of Actions.* On December 11, 1945, the instant tort actions against the defendant Robert G. Lillie, administrator of the estate of Vernon C. May, deceased, were filed in the district court of Lewis and Clark county, demanding damages arising out of the injuries to and death of John W. Kujich, alleged to have been due to the claimed gross negligence of the driver Vernon C. May. In one action, bearing district court No. 35205, Mary Kujich and John T. Kujich were plaintiffs, they being the mother and father and only heirs at law of John W. Kujich, deceased. In the other action, bearing district court No. 35207, Mary Kujich as special administratrix of the estate of John W. Kujich, deceased, was plaintiff.

Had Vernon C. May, the driver of the automobile, survived, the statute prescribes that the actions to recover damages from him for his alleged wrongful or negligent acts be commenced "Within three years" after the injuries were inflicted, R. C. M. 1947, secs. 93-2601 and 93-2605, Subds. 2 and 3, but here both May the driver and John W. Kujich the passenger riding with

May died before the expiration of the three-year limit so prescribed.

R. C. M. 1947, sec. 93-2704, in part provides: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, *an action may be commenced* against his representatives after the expiration of that time, and *within one year after the issuing of letters* testamentary or *of administration.*" Emphasis supplied.

Letters of administration in the matter of the estate of Vernon C. May, the deceased driver, did not issue until December 13, 1944, and "within one year after the issuing," Sec. 93-2704, supra, of such letters, to-wit, on December 11, 1945, the instant actions were commenced against the defendant Robert G. Lillie as administrator of the estate of Vernon C. May, deceased.

*Issuance of Summons.* The statute expressly provides that "at any time within one year" after the complaint in a civil action is filed "the plaintiff may have summons issued." R. C. M. 1947, sec. 93-3002. Compare R. C. M. 1947, sec. 93-4705, subd. 7. Here summons issued in each action on December 11, 1945, at the time of the filing of the complaints. Thus was summons issued within the time expressly allowed therefor by section 93-3002, supra.

R. C. M. 1947, sec. 93-3004, provides that if a summons is returned without being served or if it has been lost, upon proper application therefor the clerk shall issue an alias summons "but no such alias summons shall be issued *after the expiration of three years from the filing of the complaint.*" Emphasis supplied.

R. C. M. 1947, sec. 93-4705, provides: "An action *may be dismissed* or a judgment of nonsuit entered in the following cases:

"1. By the plaintiff himself, at any time before trial, upon payment of costs; provided, a counterclaim has not been made, or affirmative relief sought by the answer of the defendant. If a provisional remedy has been allowed, the undertaking must

thereupon be delivered by the clerk to the defendant, who may have his action thereon;

"2. By either party upon the written consent of the other;

"3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal;

"4. By the court, when, upon the trial and before the submission of the case, the plaintiff abandons it;

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case for the jury;

"6. By the court, when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months;

"7. No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, *unless summons shall have been issued within one year,* and served and return made *within three years after the commencement of said action,* or unless appearance has been made by the defendant or defendants therein *within said three years.* The dismissal mentioned in the first two subdivisions is made by entry in the clerk's register."

*Service of Summons.* On October 9, 1948, the defendant administrator was personally served with summons in each action and such service was made "within three years after the commencement of said action," R. C. M. 1947, sec. 93-4705, subd. 7, and within "three years from the filing of the complaint" being the period prescribed by section 93-3004, supra, as the time limit for the issuance of an alias summons.

*General Appearance Made by Defendant.* On October 26, 1948, and "within said three years," section 93-4705, subd. 7, after the commencement of the instant actions the defendant, by his attorneys, made a general appearance in each action by

interposing a general demurrer to each complaint and at the same time filing in each action the appropriate and necessary papers seeking an order changing the place of trial to Cascade County.

On November 13, 1948, *and within three years* after the commencement of said actions the district court of Lewis and Clark County made and entered an order granting defendant's motions for a change of venue pursuant to which order the actions were transferred to the district court of Cascade County for trial.

For more than thirteen months after the filing of defendant's demurrers to the complaint the actions were pending on such demurrers with no move on the part of either the defendant or the plaintiffs to have the demurrers set for hearing or determined, but in December 1949, the plaintiffs served and filed written notices calling the demurrers for hearing for December 29, 1949, or as soon thereafter as counsel could be heard. Thereafter counsel for defendant and counsel for plaintiffs agreed that the hearing on defendant's demurrers be postponed and continued to a day certain.

After respective counsel had so agreed to a continuance of the hearing on the demurrers and prior to the arrival of the date so agreed upon for such hearing, the defendant served and filed notices of motions to dismiss the complaint in each action ''for want of prosecution, and on the grounds that plaintiffs have been guilty of gross laches and inexcusable delay and neglect in prosecuting the same and of serving summons upon said defendant.''

At the time defendant's motions to dismiss were filed, both cases were pending upon an issue of law raised by defendant's demurrers to the complaints and while such demurrers had been noticed for hearing, such hearing had been continued pursuant to an agreement entered into by counsel for all parties.

As is stated in Bignold v. Carr, 24 Wash. 413, 64 Pac. 519: ''At the time these motions were made the case was pending upon an issue of law raised by appellant's demurrer to the amended complaint. It was within the power of the appellant to have noticed the demurrer for hearing, and it was as much to

his interest to expedite the case by noticing the demurrer for argument as it was the plaintiff's to have the cause prosecuted to trial. In fact, the case could not be tried until the demurrer was disposed of.''

After the noticing of the demurrer for hearing and after defendant's counsel had entered into the agreement for the continuance of such hearing, defendant may not then be heard to complain of delays to which he had acquiesced. As is said in Johnston v. Baker, 167 Cal. 260, 139 Pac. 86, 89: ''Moreover, we are of the opinion that by filing their answers respondents waived any laches predicated upon the ground of failure on the part of plaintiff to prosecute the action prior to the filing of such answers, and that after filing their answers the only showing of fact which defendants were entitled to make or have considered by the court in support of the motion was his neglect in prosecuting the case after the date of such filing.'' Quoting from Romero v. Snyder, 167 Cal. 216, 138 Pac. 1002.

Defendant's motions to dismiss the actions were heard in January 1950, following which the trial court kept the motions under advisement until June 12, 1950, on which date it made and filed, in each action, an identical order sustaining each motion and dismissing the complaints. The orders read:

''Order. Defendant's motion to dismiss plaintiff's complaint having been submitted in open court on Wednesday, the 11th day of January, 1950, and counsel for the respective parties having prepared and filed affidavits and briefs in support of their contentions in the matter, and the court having duly considered the affidavits, arguments and briefs of counsel, and being fully advised in the matter, and it appearing to the court that defendant, prior to the service of process in said action upon him, was and has been materially prejudiced in his defense to said action by the unnecessary and undue delay of the plaintiffs in commencing said action and in the service of process in said action upon the defendant, and by the plaintiffs commencing said action in Lewis and Clark County, Montana; and that said action cannot now be tried fairly and impartially upon the facts

because of the failure of the plaintiffs, without cause or excuse, to prosecute said action:

"Now Therefore It Is Hereby Ordered That the motion of the defendant to dismiss the complaint of the plaintiffs be, and the same is hereby sustained."

The plaintiffs here assign as error the making and entering of the above orders.

*Delay in Commencement.* In 1 C. J. S., Actions, sec. 128, p. 1395, note 37, it is said:

"The right to maintain an action at law is generally unaffected by delay in its commencement unless the statutory period of limitations has expired, or an estoppel has arisen.

"Although it is a good defense in a proper case in equity, as a general rule laches is no defense in an action at law, as at common law and in the absence of statute an action might be commenced at any time."

In 1 Am. Jur., Actions, sec. 63, p. 454, notes 18 and 19, it is said: "A plaintiff's right to avail himself of a legal remedy is not impaired merely by inaction or delay in seeking that remedy, provided he·does not delay so long as to be affected by the doctrine of laches or the Statute of Limitations."

As before stated both of these actions were filed within "The periods prescribed for the commencement of actions," R. C. M. 1947, sec. 93-2601, of their nature, sec. 93-2605, subds. 2 and 3, under the authority granted by the express provisions of the last sentence of section 93-2704, supra. In this jurisdiction the various statutes of limitations prescribe the time within which actions must be filed and the instant actions were filed within such time limit.

*Delay in Issuing or Serving Process.* "Process is to be issued at such time as may be directed by statute * * * and in a jurisdiction wherein the statutes place no limitation on the time of issuing a summons, it may issue at any time." 72 C. J. S., Process, sec. 9, p. 1001, notes 22 and 26.

Again: "Where process is served within the time limited by statute it is sufficient, although not served immediately at

or near the time of commencement of the action. A provision requiring issuance of summons within a year from the time of filing of the complaint does not require service within a year." 72 C. J. S., Process, sec. 33, pp. 1039, 1040, notes 28, 29 and 30.

In this jurisdiction the issuance of process, whether it be the original summons, an alias summons or a summons for publication, is regulated by statutory provisions which constitute the primary source of authority for the procedure to be followed.

In each of the instant actions the original summons was issued on the day the actions were commenced and thereafter each original summons was personally served upon the defendant "within three years after the commencement of said action," R. C. M. 1947, sec. 93-4705, subd. 7, and within "three years from the filing of the complaint," R. C. M. 1947, sec. 93-3004, being the period prescribed by section 93-3004, supra, as the time limit for the issuance of an alias summons in an action. Neither action was subject to dismissal for failure to make timely service of summons.

Again, it must be kept in mind that seventeen days after summons in each case had been personally served upon him, the defendant administrator made a general appearance in each action. Such general appearance constitutes "a waiver of the issuance or service of summons and consequently of any defects or irregularities therein." 2 Bancroft's Code Practice and Remedies, sec. 815, pp. 1192, 1193. See Gravelin v. Porier, 77 Mont. 260, 274, 250 Pac. 823, 826; Haggerty v. Sherburne Merc. Co., 120 Mont. 386, 394, 186 Pac. (2d) 884.

R. C. M. 1947, sec. 93-3019, in part provides: "The voluntary appearance of a defendant is equivalent to personal service of the summons and a copy of the complaint upon him."

*Venue.* The instant actions sound in tort. Such actions may be commenced in any county in the state.

While actions for torts may be tried "in the county where the tort was committed," R. C. M. 1947, sec. 93-2904, yet this court has held that such statute is not one limiting the jurisdiction of the courts but rather one according a privilege which may

be waived. State ex rel. Haynes v. District Court, 106 Mont. 578, 585, 81 Pac. (2d) 422.

In O'Hanion v. Great Northern Ry., 76 Mont. 128, 134, 245 Pac. 518, 519, this court said: "The plaintiff, within the limitations of the statutes, may select any county he chooses for the trial of his action, and to this choice the defendant must conform unless he seasonably moves for a change of place of trial. * * * A defendant may waive his right to the privilege of the change by omitting to demand the right or by failing to observe the statutory requirements. [Citing cases.] As this action sounds in tort, it is triable properly in the county where the tort was committed. [Citing cases.] Lewis and Clark is not that county, but nevertheless the action may be tried there unless the defendant has availed itself of its statutory right to have the venue changed to the proper county.''

The defendant applied for and was granted a change of venue to Cascade County where he claims the alleged tort was committed. The law accords to defendant the right to have the actions so transferred for trial but it does not entitle him to have the complaints dismissed because the actions were originally filed in a county other than Cascade.

In support of his motions for dismissal the defendant filed an affidavit wherein are stated conclusions rather than specific facts on which the defendant relies to support his claim that he has been prejudiced by unnecessary and undue delay on the part of plaintiffs in the commencement of the actions,—in the service of process upon defendant and by the commencement of the actions in Lewis and Clark County rather than in Cascade County.

Defendant's affidavit states "that certain witnesses whose testimony is material * * * have died and others have left the State of Montana and their whereabouts are unknown to the defendant and that still others have disappeared and cannot be found." It is not stated who these witnesses are nor is there any intimation as to what their testimony would be.

In opposition to the foregoing affidavit the plaintiffs filed

counter affidavits wherein they deposed that following the accident a criminal action was instituted and tried in Cascade County, charging one Cyril Konesky, a driver of one of the three automobiles involved in the accident, with manslaughter on account of the collision which gave rise to the instant actions; that at the Konesky trial all the persons having knowledge of the facts and circumstances surrounding the accident were called as witnesses and that at said trial the jury failed to agree; that one Paliga, a driver of one of the three cars involved in the collision and a material witness, left the state in the year 1942, but that at the time of the filing of defendant's motion to dismiss, Paliga had returned and was and now is available; that all other witnesses to the accident are now available except one who died after giving testimony at the Konesky trial and that the testimony of the deceased witness was preserved in such criminal action arising out of the same accident and that plaintiffs will stipulate that the transcript of the testimony of such deceased witness given at the Konesky trial may be received in evidence in the instant actions if defendant so desires; that a survey and plat of the scene of the accident were introduced in evidence at Konesky's trial and that these and all other exhibits received in evidence at such trial are now available.

The exhibits in the Konesky criminal trial are incorporated by reference in the bill of exceptions in the actions now before this court.

It would appear that the facts so set forth in plaintiff's counter affidavits, standing uncontroverted, amply refute any showing of prejudice claimed to have been suffered by the defendant by reason of not having disposed of his demurrers more expeditiously and for not having required defendant to answer the complaints so that the actions would sooner become at issue and ready for trial.

Mere lapse of time is not sufficient in itself to justify ▆▆▆ [11] missal of the actions. State Savings Bank v. Albertson, 39 Mont. 414, 102 Pac. 692; Eldridge v. Idaho State Penitentiary, 54 Idaho 213, 30 Pac. (2d), 781, 784.

An application for dismissal for failure to prosecute with reasonable diligence cannot be based upon the provisions of R. C. M. 1947, sec. 93-4705; Smotherman v. Christianson, 59 Mont. 202, 195 Pac. 1106, and there is no statutory authority in this jurisdiction for the making of the orders of dismissal which were entered in the trial court. '

In his brief on these appeals the defendant concedes that there is no statutory authority for the making of the orders of dismissal but contends that the right of the district court to dismiss these actions "does not depend on subdivision 7, section 93-4705, R. C. M. 1947, cited by appellants nor on any other section of the code."

Defendant asserts that his motions to dismiss were not made pursuant to the provisions of section 93-4705, supra, but contends that the power to dismiss an action for failure to diligently prosecute the same is inherent in the courts and that the court "has a right to exercise its discretionary judicial powers so long as they are not abused and can dismiss an action for laches and want of diligent prosecution."

As before stated, these actions were commenced and the summons in each case was issued and served within the period and time limit fixed and allowed by express statutes, and in our opinion the trial court had no "discretion" to disregard the rules of practice and procedure so prescribed by the written law of this state and attempt to shorten the time so allowed for the performance of the acts of which the defendant complains.

*Discretion.* The term "discretion" denotes the absence of a hard and fast rule. Langnes v. Green, 282 U. S. 531, 544, 51 S. Ct. 243, 75 L. Ed. 520, 526.

The establishment of a clearly defined rule would be the end of discretion. Norris v. Clinkscales, 47 S. C. 488, 25 S. E. 797, 801; Goodman v. Goodman, 1951, Nev., 236 Pac. (2d) 305.

1 Bouvier's Law Dictionary, Rawle's 3rd Rev., p. 884, has defined "discretion" in part as: "That part of the judicial function which decides questions arising in the trial of a cause, according to the particular circumstances of each case, and as to

which the judgment of the court is uncontrolled by fixed rules of law.

" 'Discretion when applied to a court of justice means sound discretion guided by law.' 4 Burr. 529. Judicial discretion is a mere legal discretion—a discretion in discerning the course presented by law; and what that has discerned it is the duty of the court to follow. Osborn v. Bank, 9 Wheat. (U. S.) 738, 6. L. Ed. 204. * * * 'A legal discretion is one that is regulated by well known and established principles of law.' Detroit Tug & Wrecking Co. v. Circuit Judge, 75 Mich. 360, 42 N. W. 968. * * *

· " 'But if the word discretion in this connection [injunction] is used in its secondary sense, and by it is meant that the chancellor has the liberty and power of acting, in finally settling property rights, at his discretion, without the restraint of the legal and equitable rules governing those rights, then I deny such power;' Hennessy v. Carmony, 50 N. J. Eq. 616, 25 A. 374.''

Various decisions of the courts of California construing certain sections of the California Codes are cited and relied upon by the defendant who contends that this court is bound by the construction the highest courts of California had placed upon such Code sections prior to the time certain Montana statutes here involved were adopted from the Codes of California, but we do not admit that such construction of borrowed statutes should prevail when not in harmony with the spirit and policy of our own legislation and decisions. Oleson v. Wilson, 20 Mont. 544, 548, 52 Pac. 372, 63 Am. St. Rep. 639. "However, this court will not blindly follow the construction given a particular statute by the court of a state from which we borrowed it, when the decision does not appeal to us as founded on right reasoning. We understand the rule to be 'that the construction put upon statutes by the courts of the state from which they are borrowed is entitled to respectful consideration, and that only strong reasons will warrant a departure from it' (Endlich on Interpretation of Statutes, sec. 371; citing cases).'' Ancient Order of Hibernians v. Sparrow, 29 Mont. 132, 135, 74 Pac. 197, 198, 64 L. R. A. 128, 101 Am. St. Rep. 563. Compare: In re Irvine's Estate,

114 Mont. 577, 589, 139 Pac. (2d) 489, 147 A. L. R. 882; Grady v. City of Livingston, 115 Mont. 47, 59, 141 Pac. (2d) 346; In re Strode's Estate, 118 Mont. 540, 546-548, 167 Pac. (2d) 579; State ex rel. Westlake v. District Court, 119 Mont. 222, 234, 173 Pac. (2d) 896, 169 A. L. R. 827.

Defendant was privileged to notice his demurrers for hearing but this he did not do notwithstanding that he had the same right to press the actions for trial as had the plaintiffs. Wright v. Howe, 46 Utah 588, 150 Pac. 956, L. R. A. 1916B, 1104.

The trial court has not been given the judicial discretion to ██ alter, change or lessen the limits allowed by the written law of this state for the commencement of actions or the service of summons nor has it been given the discretion to dismiss tort actions if not originally commenced in the county where the tort was committed.

Accordingly the trial court erred in sustaining defendant's motions and in dismissing the complaints. The orders and judgments of dismissal are reversed and the causes are remanded to the district court for further proceedings not inconsistent with the foregoing opinion.

## On Petition for Rehearing

After considering defendant's petition for rehearing and plaintiffs' objections thereto, all filed subsequent to the pronouncement on May 21, 1953, of this court's original opinion herein, it is ordered that such original opinion be withdrawn; that the foregoing opinion be substituted therefor; that the petition for rehearing be denied and that remittiturs issue forthwith.

ASSOCIATE JUSTICES BOTTOMLY, ANGSTMAN, FREEBOURN and ANDERSON, concur.