12637

No. 12637

IN THE SUPREME COURT

OF THE STATE OF MONTANA

REX BEACH,

Plaintiff and Appellant

-vs-

DESTINATION ENTERPRISES, INC.,

Defendant and Respondent

APPELLANT'S BRIEF

On Appeal from the District Court of the Eighteenth
Judicial District of the State of Montana,
in and for the County of Gallatin

FILED

APR 16 1974

*Thomas J. Kearney*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEARANCES:

ALLEN L. McALEAR
#3 Story Block
Bozeman, Montana

Attorney for Plaintiff and Appellant

BROWN & GILBERT
Gallatin Block Suite 5
40 East Main
Bozeman, Montana

Attorneys for Defendant and Respondent

INDEX

TABLE OF CONTENTS

PAGE

STATEMENT OF ISSUES PRESENTED FOR REVIEW........  1

STATEMENT OF THE CASE.............................  2

  1.  STATEMENT OF THE FACTS......................  2

ARGUMENT..........................................  3

    SUMMARY.......................................  8

CERTIFICATE OF MAILING............................ 10

TABLE OF CASES

Alamance Industries, Inc. v. Filene's
  (CA1st, 1961) 291 F2d 142, 145, 4 FR
  Serv2d 41a.24, Case 1.........................  8

Anderson Nat. Bank v Luckett, 321 US
  233, 246, 88 L ed 692, 705, 64 S Ct
  599, 151 ALR 824.............................  4

Cremer vs. Braaten, 151 Mont. 18 438 P. 2d. 553.  7

Eldridge v. Idaho State Penitentiary,
  54 Idaho 213, 30 Pac. (2d), 781, 784..........  6

Federal Deposit Ins. Corp. vs Lotsch,
  3 FRD 464....................................  8

Hammond Packing Co. v. Arkansas, 212 US
  322, 53 L ed 530, 29 S Ct 370, 15 Ann Cas 645.  4

Hovey v Elliott, 167 US 409, 42 L ed 215,
  17 S Ct 841..................................  4

Huffmaster v. United States.  Cite as
  186 F.Supp. 120 (1960).......................  6

Jangula vs. United States Rubber Co.,
  149 Mont. 241, 425 P.2d 319..................  7

i.

INDEX

CASES CITED (CONT.)                                    PAGE

Jarva vs US, 280 F 2 892......................... 5,8

Kujich vs. Lillie, 127 Mont. 125,
    260 P2d 383........................................    6

Link v. Wabash R. Co., 370 US 626,
    8 L ed 2d 734, 82 S Ct 1386..................    3

Smotherman vs. Christianson 59 Mont.
    212, 195 Pac. 1106.............................    4

Societe Internationale v. Brownell,
    78 S Ct 1078, 357 US 197 2 L Ed. 1255........    4

State ex rel, Johnstone v. District Court,
    132 Mont. 377, 319 P.2d 957..................    7

State Savings Bank v. Albertson et al.,
    39 Mont. 414, 102 Pac. 692....................5,6,7

Sykes vs. US, 290 F 2 555....................... 5,8

Wright v. Howe, 46 Utah 588, 150 Pac.
    956, L.R.A. 1916B, 1104.......................    7

STATUTES CITED

Court Rules of District Eighteen,
    Rule 7.........................................    7

Montana Rules of Civil Procedure,
    Rule 37........................................    4
    Rule 41(b).....................................1,3,5,6

TEXTS AND AUTHORITIES

2B Barron & Holtzoff, Rule 41 §917.............    5

2B Barron & Holtzoff, 144 §918.................    5

31 Federal Rules Decisions 619.................    4

Moore on Federal Procedure, Rule 41(b), 1118(c).   5

No. 12637

IN THE SUPREME COURT

OF THE STATE OF MONTANA

_____

REX BEACH,

                    Plaintiff and Appellant

-vs-

DESTINATION ENTERPRISES, INC.,

                    Defendant and Respondent

APPELLANT'S BRIEF

STATEMENT OF ISSUES PRESENTED FOR REVIEW

The questions presented are:

A. Can a District Court dismiss an action for failure to prosecute under 41(b) MRCP without notice to the plaintiff?

B. Can the District Court dismiss a complaint for failure to prosecute under 41(b) MRCP without a showing of prejudice to the defendant?

C. Should the plaintiff and defendant's actions both be reviewed in determining whether the action should be dismissed?

D. Can the court violate its own rules as to dismissal for failure to prosecute?

## STATEMENT OF THE CASE

1. STATEMENT OF THE FACTS:

Complaint was filed August 10, 1970 in the Eighteenth Judicial District for Gallatin County. The firm of St. Clair, St. Clair, Hiller & Benjamin of Idaho Falls, Idaho were attorneys for the plaintiff joining the firm of Berg, Angel, Andriolo & Morgan as local counsel.

Summons was issued and was served on the defendants' corporation secretary on August 11, 1970. The defendant's corporation appeared by its attorney filing a Motion to Dismiss on September 23, 1970.

On October 5, 1970 the defendants' Motion to Dismiss was overruled and the defendant was allowed twenty (20) days within which to answer or further plea.

The defendant was in default for nearly seventeen (17) months and then on March 17, 1972 in a quiet title action against the same defendant the plaintiff was present but represented by other attorneys. The defendant's attorney in open court moved the court to dismiss the instant action for failure to prosecute which was allowed by the court and noted by minute entry. After change of counsel this plaintiff's attorney moved the court for reinstatement of the cause on August 21, 1973. It was denied on September 6, 1973

and this appeal follows from that order.

It may also appear that the corporation filed a Chapter XI reorganization in bankruptcy on November 2, 1972.

## ARGUMENT

A.  CAN A DISTRICT COURT DISMISS AN ACTION FOR FAILURE TO PROSECUTE UNDER 41(b) MRCP WITHOUT NOTICE TO THE PLAINTIFF?

Involuntary dismissal is governed by Rule 41(b) MRCP which is the same as the Federal rules and which provides:

> "(b) Involuntary Dismissal: Effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

Link v. Wabash R. Co., 370 US 626, 8 L ed 2d 734, 82 S Ct 1386.

This case had been on appeal and a dismissal was delivered and it was the oldest case on the trial calendar.  The plaintiff's attorney telephoned and said he could not attend a pretrial conference and the court held that no further notice would be required to dismiss the action but even that case noted that due process must be afforded the plaintiff.

> "Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void.  It is true, of course, that 'the fundamental requirement of due pro-

cess is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' Anderson Nat. Bank v Luckett, 321 US 233, 246, 88 L ed 692, 705, 64 S Ct 599, 151 ALR 824."

That case has been critcized however and in 31 FRD 619 Justice Black and Justice Douglas recommended an amendment to require notice to the plaintiff.

"As pointed out in the dissent, plaintiff had been severely injured, and a fair system of justice should not have penalized him because his lawyer, through neglect or any other reason, failed to appear when ordered."

Societe Internationale v. Brownell, 78 S Ct 1078, 357 US 197 2 L Ed. 1255.

Power to dismiss under Rule 37 (Discovery Refusal) has been held to require notice and a hearing.

"The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in Hovey v Elliott, 167 US 409, 42 L ed 215, 17 S Ct 841, and Hammond Packing Co. v. Arkansas, 212 US 322, 53 L ed 530, 29 S Ct 370, 15 Ann Cas 645. These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause."

Smotherman vs. Christianson, 59 Mont. 212, 195 Pac. 1106.

"It may or may not be true that plaintiff, without sufficient cause, failed to prosecute this action with reasonable diligence. The record does not contain anything which

reflects upon the subject. If he did so fail, then application to dismiss for that reason would have been proper, but such application would not be grounded upon section 6714, above. (State Savings Bank v. Albertson, 39 Mont. 414, 102 Pac. 692.)"

2B Barron & Holtzoff, Rule 41 §917.

"Indeed there are constitutional limitations upon the power of a court, even in aid of its own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause."

Moore on Federal Procedure, Rule 41(b), 118(c).

2B Barron & Holtzoff, 144 §918.

"It has been said on the one hand that dismissal will not be ordered unless there has been prejudice to the defendant, and on the other that if the delay is unreasonable, prejudice will be presumed. Probably the sound answer is that the defendant need not show prejudice, but that the court will consider the prejudice, if any to the defendant in determining whether to excuse plaintiff's failure."

B. CAN THE DISTRICT COURT DISMISS A COMPLAINT FOR FAILURE TO PROSECUTE UNDER 41(b) MRCP WITHOUT A SHOWING OF PREJUDICE TO THE DEFENDANT?

Jarva vs. US, 280 F 2 892.

"Of course, the case may be different if the government suffered some particular prejudice in the period June 29, to August 13, 1959. If such prejudice is claimed, some proof should be offered."

Sykes vs. US, 290 F 2 555.

"The excuses of counsel for not pressing the case are not too good, but there is no evidence of intent to abandon the case. And the policy of the law is to try cases on their

merits.  Dismissal is what counsel deserves.
The client deserves a little better...
if the government can show some particular
prejudice suffered in the six months and 28
days in question, then the district court is
at liberty to again consider whether the
action should be dismissed."

C.  SHOULD THE PLAINTIFF AND DEFENDANTS' ACTIONS BOTH
BE REVIEWED IN DETERMINING WHETHER THE ACTION
SHOULD BE DISMISSED?

Huffmaster v. United States.  Cite as 186 F.Supp. 120
(1960).

"On appeal, Judge Medina said, in a cogent
presentation of the law, that the crucial
test under Rule 41(b) is whether there has
been reasonable diligence in the prosecution
of the action, but that lack of prejudice to
defendant may be considered in cases of moder-
ate or excusable neglect.  The application
of Rule 41(b) is discretionary with the
Court, and there are no rigid time limits
which establish lack of due diligence when
they are exceeded."

Kujich vs. Lillie, 127 Mont. 125, 260 P 2d 383.

"It would appear that the facts so set
forth in plaintiff's counter affidavits,
standing uncontroverted, amply refute any
showing of prejudice claimed to have been
suffered by the defendant by reason of not
having disposed of his demurrers more ex-
peditiously and for not having required
defendant to answer the complaints so that
the actions would sooner become at issue
and ready for trial.
    Mere lapse of time is not sufficient in
itself to justify dismissal of the actions,
State Savings Bank v. Albertson, 39 Mont.
414, 102 Pac. 692; Eldridge v. Idaho State
Penitentiary, 54 Idaho 213, 30 Pac. (2d),
781, 784...
    Defendant was privileged to notice his
demurrers for hearing but this he did not
do notwithstanding that he had the same
right to press the actions for trial as

had the plaintiffs. Wright v. Howe, 46
Utah 588, 150 Pac. 956, L.R.A. 1916B, 1104."

State Savings Bank v. Albertson et al., 39 Mont. 414,
102 Pac. 692.

"Evidently counsel relied solely upon the
fact, apparent from the files and records
of the district court and within the know-
ledge of the court, that the action had been
pending since the filing of the complaint on
July 31, 1903, and deemed the lapse of time
sufficient to move the court's discretion.
Mere lapse of time is not sufficient in itself
to justify a dismissal."

Cremer vs. Braaten, 151 Mont. 18, 438 P. 2d 553.

"Plaintiff argues that the action could
not be dismissed as defendant has shown no
injury by the delay. When a plaintiff has
slept on his cause for over twelve years
the law presumes injury and places the
burden on the plaintiff to show good cause
for the delay. State ex rel. Johnstone v.
District Court, 132 Mont. 377, 319 P. 2d
957."

Jangula vs. United States Rubber Co., 149 Mont. 241,
425 P. 2d 319.

"There is strength in appellee's argument
that it might be prejudiced by the passage
of time; but this argument is not sufficiently
supported factually to overbalance the cer-
tainty of prejudice to appellant if deprived
entirely of a retrial as authorized by our
previous decision."

D. CAN THE COURT VIOLATE ITS OWN RULES AS TO DISMISSAL
FOR FAILURE TO PROSECUTE?

I will ask this court to take judicial notice of

District Eighteen Rule 7 of Court Rules which provides:

"Any case passed twice on jury or judge
setting will be dismissed by the judge for
want of prosecution. There will be no for-

mal dismissal calendar. Any lawyer wishing to 'save' such a case passed twice must file within five (5) days a motion for good cause to that effect and set it for hearing before this Court."

The Court Rules have formed the basis for dismissal.

Jarva vs. US (supra) and Sykes vs. US (supra)

However in those cases and in the following case mere violation of a rule has not, per se, entitled the court to dismiss the law suit.

Federal Deposit Ins. Corp. vs. Lotsch, 3 FRD 464.

"There was over one year without proceedings in violation of Rule 24 of District Court.
A dismissal was reversed with defendants' right to request a separate trial and plaintiff time to comply."

Alamance Industries, Inc. v. Filene's (CA1st) 1961)
291 F2d 142, 145, 4 FR Serv2d 41a.24, Case 1.

"Courts exist to serve the parties, and not to serve themselves, or to present a record with respect to dispatch of business. Complaints heard as to the law's delays arise because the delay has injured litigants, not the courts. For the court to consider expedition for its own sake 'regardless' of the litigants is to emphasize secondary considerations over primary."

## SUMMARY

The plaintiff made a timely filing of his complaint and served the summons the next day. All delays after that time were occasioned by the defendants' failure to bring the matter to issue. The plaintiff was involved in other litigation with the same defendant and

his only act of ommission was his failure to default the defendant. A different attorney was handling a quiet title case against the defendant and the plaintiff's attorneys of record in this case were not notified nor present in the courtroom when the defendant's attorney vocally moved to dismiss. The record shows no evidence of damage or prejudice to the defendant. Mere delay is not conclusive proof of lack of prosecution unless the delay is exceedingly long. If the defendant desired to terminate this action against him he was equally responsible for bringing the matter to issue and trial and having the matter disposed of.

We do not mean to infer that the plaintiff's Idaho counsel or local counsel in any way were negligent in their duties; however the plaintiff certainly could not file his own notice of intention to enter default when he was represented by an attorney and the penalty of dismissing a $26,000. law suit is a harsh one to a plaintiff whose claim is now barred by the five year statute of limitations for accounts.

The court has an obligation and desire to clear its own docket but attorneys have a right to rely on the local practice and rules being followed. This matter was never set for trial so it never has been passed over twice as local rules require before dis-

missal.

Respectfully submitted,

ALLEN L. McALEAR
#3 Story Block
Bozeman, Montana

_____
Attorney for Plaintiff
and Appellant

CERTIFICATE OF MAILING

I, ALLEN L. McALEAR, attorney for the plaintiff and appellant in the above entitled matter, hereby certify that on this 15th day of April, 1974, I served the foregoing APPELLANT'S BRIEF upon the defendant and respondent by depositing a full, true and correct copy thereof, in the United States mail, first class postage prepaid, addressed to their attorneys of record, pro se, as follows:

BROWN & GILBERT
Gallatin Block Suite 5
40 East Main
Bozeman, Montana 59715

_____